# EXHIBIT 6

Jonathan M. Saffer (ASB #022004; PCC #65713)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone: 520.882.1200
Facsimile: 520.884.1294
E-Mail: jmsaffer@swlaw.com
*Attorney for Plaintiff Alliance Bank of Arizona*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| ALLIANCE BANK OF ARIZONA, an Arizona banking Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MCMAHON PROPERTIES, L.L.C., an Arizona limited liability company<br><br>Defendant. | No.<br><br>**ORDER APPOINTING RECEIVER**<br><br>Assigned to: |

Pursuant to the "Application for Appointment of Receiver," the Court having reviewed the pleadings and papers on file herein including those, if any, filed by Defendant Rodeo Park Plaza, LLC, an Arizona limited liability company, ("Defendant" or "Borrower"), and any other party having received notice of this matter, and having heard the arguments presented by the parties at any hearing scheduled for this matter, and good cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. APPOINTMENT OF RECEIVER: Michael D. Wilson by and through his company Wilson Property Services, Inc. ("Receiver") is hereby appointed receiver in this action, such appointment shall be effective upon the filing of the Oath.

2. POSSESSION OF RECEIVER: The Receiver shall have and take possession of the real property and personal property described more specifically as the "Property" in the "Commercial Deed of Trust, Security Agreement, Fixture Filing

18274801

Financing Statement and Assignment of Leases, Rents, Income and Profits" (hereafter the "Deed of Trust") attached as Exhibit 2 to the Affidavit on file herein (hereinafter, the "Property"). The Property is located in Maricopa County, Arizona and includes, without limitation, the real property, buildings, improvements, leases, rents, income, and other property interests related to the Property as identified more specifically in the Deed of Trust.

3. RECEIVER'S OATH AND BOND. Before performing his duties, the Receiver shall execute an Oath of Receiver. As soon as practicable of this appointment, the Receiver shall also post a bond from an insurer in the sum of [$10,000.00], conditioned upon the faithful performance of the Receiver's duties. The Receiver's Bond and the Oath of the Receiver may be filed by facsimile transmission and this Order shall become effective upon the Court's receipt of such facsimile transmission provided, however, that the Receiver replace the facsimiles with originals within seven days of filing. The cost of the Receiver's Bond shall be an expense of the receivership estate.

4. DUTIES, RIGHTS, AND POWERS OF RECEIVER: The Receiver is hereby granted the following other duties, rights, and powers:

    a. To enter or take possession of the Property;

    b. To care for, preserve, and maintain the Property for the duration of this receivership;

    c. To incur all expenses necessary for the care, preservation, and maintenance of the Property;

    d. To change the locks on the Property;

    e. To operate, manage, control and conduct the Property and its business and incur the expenses necessary in such operation, management, control, and conduct in the ordinary and usual course of business, and do all things and incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar properties, and no such risks or obligations so incurred shall be the personal risk or obligation of Receiver, but shall be a risk or

2

18274801

Case 4:14-bk-00092-BMW    Doc 14-6    Filed 01/15/14    Entered 01/15/14 16:03:57    Desc
Exhibit 6: Order Appointing Receiver    Page 3 of 17

obligation of the receivership estate, except the Receiver shall not make any capital improvements to the Property without prior Court approval;

f. To notify all local, state and federal governmental agencies, all vendors and suppliers, and any and all others who provide goods or services to the Property of his appointment as Receiver. No utility may terminate service to the Property as a result of non-payment of pre-receivership obligations without prior order of this Court. No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver, without prior order of this Court;

g. To either open new utility accounts or continue existing utility accounts for the Property at the Receiver's discretion. In the event the Receiver continues existing utility accounts, the Receiver shall use its best efforts to maintain such accounts without providing any new deposit. Receiver shall not be responsible for payment of any utility bills (including without limitation, electricity, gas, water, sewage, garbage, television/cable and telephone), unpaid payroll expenses, unpaid service vendor invoices, unpaid supply vendor invoices or other unpaid invoices incurred by, or for the benefit of, the Property prior to the Receiver's taking possession of the Property;

h. To maintain adequate insurance over the Property to the same extent and in the same manner as it has heretofore been insured, or as in the judgment of Receiver may seem fit and proper, and to cause all presently existing policies to be amended by adding Receiver and the receivership estate as an additional insured within ten (10) days of the entry of this Order. Defendant is prohibited from cancelling or modifying any insurance policy covering the Property except upon prior notice to the Receiver and approval of the Court. If there is inadequate insurance or insufficient funds in the receivership estate to procure adequate insurance, Receiver is directed to

3

Case 4:14-bk-00092-BMW    Doc 14-6    Filed 01/15/14    Entered 01/15/14 16:03:57    Desc
Exhibit 6: Order Appointing Receiver    Page 4 of 17

immediately petition this Court for instructions. During the period in which the Property is uninsured or underinsured, Receiver shall not be personally responsible for any claims arising therefore;

i. Subject to Plaintiff's rights under the Deed of Trust, as to any insurance claims, to make proof of loss, intervene in, or assert a claim, to adjust and compromise any insurance claims, to collect, and to receive any insurance proceeds;

j. To demand, collect and receive all rents derived from the Property, or any part thereof, including all proceeds in the possession of Defendant or other third parties which are or were derived from the rents generated by the Property;

k. To bring and prosecute all proper actions for the (i) collection of rents derived from the Property, (ii) removal from the Property of persons not entitled to entry thereon, (iii) protection of the Property, (iv) damage caused to the Property; and (v) recovery of possession of the Property;

l. To employ or terminate any person or firm to collect, manage, lease, maintain, secure and operate the Property if the Receiver deems it necessary or appropriate in his discretion and judgment to do so;

m. Any security or other deposits which tenants have paid to Defendant or their agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of the Defendant and may not be rendered by the Receiver without further order of the Court. Any other security or other deposits which the tenants or other third parties have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be expenses of the subject property and refunded by the Receiver in accordance with the leases or agreements;

n. To hire, employ, retain, and/or terminate attorneys, certified public

4

accountants, investigators, security guards, consultants, property management companies, brokers, construction management companies, appraisers, title companies, licensed construction control companies, and any other personnel or employees which the Receiver deems necessary to assist him in the discharge of his duties;

o. To retain environmental specialists to perform environmental inspections and assessments of the Property if deemed necessary and, if deemed necessary and advisable in the discretion of the Receiver, to remediate the Property or remove and dispose of contaminates, if any, effecting the Property;

p. To utilize his discretion to continue in effect any contracts presently existing and not in default relating to the Property;

q. Subject to any rights held by Plaintiff arising out of the Loan Documents, to enter into, negotiate, amend and/or modify contracts affecting any part or all of the Property, including, without limitation, any and all leases affecting the Property. To negotiate and execute any modifications, extensions, subordinations, estoppels, or consent agreements with any other party to a contract affecting the Property, including, without limitation, existing tenants, lessees, licensees, mortgagee, creditor, ground lessor and/or similar interest holder, and to take any all such action as is advisable or as may be required to maintain, preserve or enhance the estate's rights under any contract affecting the Property.

r. To pay and discharge out of the funds coming into his hands all the expenses of the receivership and the costs and expenses of operation and maintenance of the Property, including all Receiver's and related fees and expenses as well as taxes, insurance, governmental assessments and other charges lawfully imposed upon the Property;

s. To have the power to advance funds to keep current any liens, if any, taxes

5

and assessments encumbering the Property which are senior to any lien arising under the Deed of Trust;

t. To expend funds to purchase merchandise, construction and other materials, supplies and services as the Receiver deems necessary and advisable to assist him in performing his duties hereunder and to pay therefore the ordinary and usual rates and prices out of the funds that may come into the possession of the Receiver;

u. To apply, obtain and pay any reasonable fees for any lawful license, permit or other governmental approval relating to the Property or the operation thereof; confirm the existence of and, to the extent permitted by law, exercise the privileges of any existing license or permit or the operation thereof, and do all things necessary to protect and maintain such licenses, permits and approvals;

v. To open and utilize bank accounts for receivership funds. As to any existing accounts relating to the Property, the Receiver shall be entitled to manage and modify such accounts, including, without limitation, the ability to change existing signature cards to identify the Receiver as the authorized party for such accounts, limit the use of such accounts by others, and/or to close such accounts as the Receiver deems appropriate;

w. To present for payment any checks, money orders or other forms of payment made payable to Defendant which constitute rents of the Property, endorse same and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein;

x. The Receiver shall prepare on a monthly basis, commencing thirty (30) days after his appointment, so long as the Property shall remain in his possession or care, a report setting forth all receipts and disbursements, cash flow, changes in the assets in his charge, claims against the assets in his charge, and other relevant operational issues that have occurred during the

6

18274801

Case 4:14-bk-00092-BMW    Doc 14-6   Filed 01/15/14   Entered 01/15/14 16:03:57   Desc
Exhibit 6: Order Appointing Receiver    Page 7 of 17

preceding month. The Receiver shall also file a "Final Report" regarding any unresolved or outstanding issues affecting the Property or receivership prior to discharge. The Receiver is directed to file such reports with the Clerk of this Court. The Receiver shall serve a copy of this report on the attorneys of record for the parties and any other interested parties who request the same;

y. After expending the necessary funds to operate the Property and pay all reasonable and necessary costs and expenses associated with such operation, the Receiver shall distribute the remaining funds to Plaintiff within 15 days of filing each monthly report;

z. The Receiver, in his discretion, may intervene in, prosecute, defend, and/or resolve any action related to the Property, including, without limitation, those brought against Defendant relating to the Property, whether currently pending or filed in the future. Any lawsuit or claim filed against the Receiver or the Property in the receivership estate may, subject to this Court's discretion, be resolved by this Court. The Receiver may file an appropriate pleading or motion in any such lawsuit to consolidate or transfer such other matters into this case. The Receiver shall have no obligation to prepare or file state or federal tax returns on behalf of Defendant and shall not be responsible for paying any unpaid federal or state taxes on behalf of Defendant;

aa. The Receiver, in his discretion, and with the parties' consent, may pursue a private sale of the Property or a portion thereof upon motion to the Court and with Court's approval; and

bb. To generally do such other things as may be necessary or incidental to the foregoing specific powers, directions and general authorities and take actions relating to the Property beyond the scope contemplated by the provisions set forth above, provided the Receiver obtains prior court

18274801

Case 4:14-bk-00092-BMW    Doc 14-6    Filed 01/15/14    Entered 01/15/14 16:03:57    Desc
Exhibit 6: Order Appointing Receiver    Page 8 of 17

approval for any actions beyond the scope contemplated herein.

5. **RECEIVER COMPENSATION AND FUNDING FOR THE RECEIVERSHIP.** The Receiver shall be compensated and the receivership shall be entitled to funding as follows:

   a. The Receiver shall charge the following fees: (i) $1,000 the first month for set-up; (ii) $1,500 per month for his services as a receiver; and (ii) $1,000 per month for property management services. In addition, subject to the budget requirements set forth in this Section 5, Receiver shall be reimbursed for all expenses incurred by the Receiver on behalf of the Property. The Receiver, his management company, his consultants, agents, employees, legal counsel, and professionals shall be paid on a monthly basis. To be paid on a monthly basis, the Receiver must file a "Statement of Account" with the Court and serve a copy on all parties each month for the time and expense incurred in the preceding calendar month. If no objection thereto is filed and served on or within ten (10) days following service thereof, such Statement of Account may be paid. If an objection is timely filed and served, such Statement of Account shall not be paid absent further order of the Court. In the event objections are timely made to fees and expenses, those specific fees and expenses objected to will be paid within ten (10) days of an agreement among the parties or the entry of an order by this Court adjudicating the matter. In the event there are any additional fees, expenses, or claims for compensation claimed by the Receiver which are not set forth herein, then the Receiver shall request approval for such amounts by filing a motion with this Court;

   b. Within thirty (30) days of the filing of this Order, the Receiver shall prepare and deliver to Plaintiff a comprehensive monthly budget (the "Budget") providing for all fees and costs expected to be incurred by the Receiver in the performance of his duties prescribed herein, as well as income expected

8

to be generated from operation of the Property. If sufficient information is not available to develop the Budget within thirty (30) days, the Receiver shall file a request for additional time. Such budget should include a detailed budget for any and all professional fees and costs anticipated to be incurred by the Receiver, including, without limitation, all legal fees and costs. The Receiver shall revise the budget from time to time or upon request from Plaintiff. The Receiver shall immediately inform Plaintiff if monthly fees and costs are expected to exceed the budgeted amount, or if income from operations will be insufficient to compensate the Receiver for fees and costs incurred;

c. Notwithstanding anything in this Order to the contrary, the Receiver shall not incur or expend fees or expenses in excess of the monthly amount set forth in the Budget for the Property without obtaining prior written approval of Plaintiff and filing a notice of additional expenditure with this Court, to be served on all parties. If Borrower does not file an objection to the additional expenditure within five (5) business days of service of the notice of additional expenditure, then the Receiver may expend the additional funds. Provided, however, that if the additional expenditure is required on an emergency basis, and the process outlined in this section cannot be reasonably followed without endangering the lives or safety of persons on the Property, then the Receiver may expend or disburse the requested amount without following the process outlined herein;

d. Prior to the termination of the receivership, the Receiver shall file with the Court a "Final Statement of Account" which sets forth any and all fees and expenses claimed by the Receiver. If no objection thereto is filed and served on or within ten (10) days following service thereof, such Final Statement of Account may be paid, the Receiver may be discharged, and the Receiver's bond may be exonerated. If an objection is timely filed and

9

served, such Final Statement of Account shall not be paid absent further order of the Court. In the event objections are timely made to such fees and expenses, those specific fees and expenses objected to will be paid within ten (10) days of an agreement among the parties or the entry of an order by this Court adjudicating the matter; and

e. To the extent that the net rents or other monies derived from the Property are insufficient to satisfy the costs and expenses of the receivership, the Receiver shall have the right to request and borrow such additional funds from Plaintiff as may be necessary to satisfy such costs and expenses in accordance with the terms of the Deed of Trust. The decision to lend additional monies for the costs and expenses of the Receivership shall be within the sole discretion of Plaintiff. If in its sole discretion, Plaintiff lends additional monies to the receivership estate, such loans shall be deemed secured advances to be added to Plaintiff's loan and secured by the Deed of Trust. The Deed of Trust encumbering the Property shall retain its lien priority as to the entire loan, including said advances, notwithstanding the fact that said advances shall increase the outstanding indebtedness of Plaintiff's loan. The Receiver is further authorized to issue and execute such documents as may be necessary to evidence the obligation to repay the advances, including but not limited to, the issuance of a receiver's "Certificates of Indebtedness" evidencing the obligation of the receivership estate (and not the Receiver individually) to repay such sums. The principal sum of each such certificate or document, together with reasonable interest thereon, shall be payable out of the next available funds which constitute rents. In the event any funds advanced to the Receiver by the Plaintiff remain at the termination of the receivership, such funds shall be returned to Plaintiff.

6. NON-INTERFERENCE WITH RECEIVER: Defendant, including, without

10

limitation, Defendant's agents, representatives, property managers, and employees, are enjoined from the following:

    a. Interfering with the Receiver, directly or indirectly, in the management and operation of the Property;

    b. Interfering with the Receiver, directly or indirectly, in the collection of rents derived from the Property;

    c. Collecting or attempting to collect the rents derived from the Property;

    d. Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Property (including the rents thereof) without the prior written consent of the Receiver; provided, however, that nothing contained in this Order shall prohibit or restrain Plaintiff from initiating and/or completing a sale by judicial or non-judicial foreclosure of the Property, or any portion thereof, and thereafter taking title and possession thereto;

    e. Canceling, reducing, or modifying the existing insurance coverage; and

    f. Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property (including the leases and rents thereof) or the interest of Plaintiff in the Property and in said leases and rents.

7. TURNOVER: Defendant, including, without limitation, Defendant's agents, representatives, property managers, and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees shall:

    a. Use commercially reasonable efforts to turn over to the Receiver the possession of the Property, including, without limitation, all keys to all locks on the Property, and the records, documents, books of account, ledgers and all business records for the Property (including, without limitation, construction contracts and subcontracts, the plans, specifications and

Case 4:14-bk-00092-BMW    Doc 14-6    Filed 01/15/14    Entered 01/15/14 16:03:57    Desc
Exhibit 6: Order Appointing Receiver    Page 12 of 17

drawings relating to or pertaining to any part or all of the Property, pleadings, discovery, or other documents relating to claims or lawsuits involving the Property), wherever located in and whatever mode maintained (including, without limitation, information contained on computers and any and all passwords and software relating thereto as well as all banking records, statements and canceled checks);

  b. Turn over to the Receiver all documents which constitute or pertain to all licenses, permits or governmental approvals relating to the Property;

  c. Turn over to the Receiver all documents which constitute or pertain to insurance policies, whether currently in effect or lapsed which relate to the Property. Defendant shall immediately advise the Receiver about the nature and extent of insurance coverage on the Property and shall immediately name the Receiver as an additional insured on each insurance policy on the Property;

  d. Turn over to the Receiver all contracts, leases and subleases, royalty agreements, licenses, assignments or other agreements of any kind whatsoever, whether currently in effect or lapsed, which relate to any interest in the Property;

  e. Turn over to the Receiver a current rent roll, an aged delinquency list of past due rents, a list of major maintenance equipment, a list of employees (including but not limited to name, job title, pay rate and benefits), a list of all telephone numbers associated with the Property, information concerning any alarm system (including but not limited to certifications, passwords and codes), a list of utility information (including but not limited to company names and account/meter numbers, and information on any deposits being held by the utility company), information regarding current real estate tax bills and ay assessment notices (including but not limited to copies of such bills and notices), a list of vendors and an open invoice list, accounting or

12

other software used in the management and/or operation of the Property (including but not limited to passwords and codes) and any other information related to the management or sale or other disposition of the Property;

f. Turn over to the Receiver all documents pertaining to past, present or future construction of any type with respect to all or any part of the Property;

g. Turn over to the Receiver all documents of any kind pertaining to any and all toxic chemicals or hazardous material, if any, ever brought, used and/or remaining upon the Property, including, without limitation, all reports, surveys, inspections, checklists, proposals, orders, citations, fines, warnings and notices;

h. Turn over to the Receiver all rents derived from the Property (including, without limitation, all security deposits, advances, prepaid rents, storage fees, and parking fees) wherever and whatsoever mode maintained;

i. Turn over to the Receiver all mail relating to the Property. The Receiver is further authorized and empowered to take any and all steps necessary to receive, collect and review all mail addressed to Defendant including, but not limited to, mail addressed to any post office boxes held in the name of Defendant, and the Receiver is authorized to instruct the U.S. Postmaster to reroute, hold, and or release said mail to said Receiver. Mail reviewed by the Receiver in the performance of his duties will promptly be forwarded to Defendant after review by the Receiver; and

j. Nothing herein is intended to, nor is to be construed to, require Defendant to turn over any documents protected from disclosure by either the attorney-client privilege or the attorney work product privilege.

8. DISCHARGE: Without further order of this Court, upon the occurrence of any of the following events, the Receiver shall relinquish possession and control of the Property to the appropriate person or entity: (a) reinstatement or payoff of the loan

13

secured by the Deed of Trust as evidenced by written proof of payment from Plaintiff; (b) the completion of a valid trustee's sale of the Property by Plaintiff or any assignee as evidenced by a recorded trustee's sale deed; or (c) the acquisition of the Property by Plaintiff or any assignee as evidenced by a written deed in lieu of foreclosure. Upon relinquishment or possession and control of the Property, the Receiver shall be relieved of any further duties, liabilities and responsibilities relating to the Property set forth in this Order. As soon as practicable after the Receiver relinquishes possession and control of the Property, the Receiver shall serve on all parties, their successors in interest as applicable, or any other party entitled to notice and file with this Court the Receiver's Final Report and Final Statement of Account relating to the receivership. Upon the Court's review of the Final Report and Final Statement of Account and any objections thereto, the Court shall enter an appropriate order which closes out the receivership and dismisses this receivership action.

9. **BANKRUPTCY.** If a Defendant files a bankruptcy case during the receivership, Defendant shall give notice of the bankruptcy case to the Court, to all parties, and to the Receiver. If the Receiver receives notice that the bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this Order, the Receiver shall have the following duties:

   a. The Receiver shall contact the party who obtained the appointment of the Receiver and determine whether that party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the Receiver's obligation to turn over the Property (11 U.S.C. § 543). If the party has no intention to make such a motion, the Receiver shall turn over the property to the appropriate entity – either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. § 543.

   b. Unless otherwise ordered by the Bankruptcy Court, remain in possession pending resolution. If the party who obtained the receivership intends to

14

18274801

Case 4:14-bk-00092-BMW    Doc 14-6    Filed 01/15/14    Entered 01/15/14 16:03:57    Desc
Exhibit 6: Order Appointing Receiver    Page 15 of 17

seek relief from both the automatic stay and the Receiver's obligation to turn over the Property, the Receiver may remain in possession and preserve the Property pending the ruling on those motions (11 U.S.C. § 543(a)). The Receiver's authority to preserve the Property shall be limited as follows: (1) the Receiver may continue to collect Rents and other income; (2) the Receiver may make only those disbursements necessary to preserve and protect the Property; (3) the Receiver shall not execute any new leases or other long-term contracts; and (4) the Receiver shall do nothing that would effect a material change in the circumstances of the Property.

c. Turn over property if no motion for relief is filed within thirty (30) court days after notice of the Bankruptcy. If the party who obtained the receivership fails to file a motion within thirty (30) court days after its receipt of notice of the bankruptcy filing, the Receiver shall turn over the Property to the appropriate entity – either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 U.S.C. § 543.

d. Retain bankruptcy counsel. The Receiver may petition the Court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

10. CONTACTING THE RECEIVER. Individuals or entities interested in the Property, including, without limitation, tenants may contact the Receiver directly by and through the following individual: Michael D. Wilson, Wilson Property Services, Inc., 8120 E. Cactus Rd., Suite 300, Scottsdale, AZ 85260, 480.874.2600.

11. The Receiver, Plaintiff, or any other party who maintains an interest in any property subject to this receivership, may at any time apply to this court for any further or other instructions and powers necessary to enable the Receiver to perform his duties properly and/or modify this order as to such property.

**IT IS SO ORDERED.**

15

Case 4:14-bk-00092-BMW    Doc 14-6   Filed 01/15/14   Entered 01/15/14 16:03:57   Desc
Exhibit 6: Order Appointing Receiver    Page 16 of 17

Dated: _____, 2013

_____
Judge of the Superior Court

Respectfully submitted,

SNELL & WILMER L.L.P.

By: _____
Jonathan M. Saffer (ASB #022004; PCC #65713)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
Telephone: 520.882.1200
Facsimile: 520.884.1294
E-Mail: jmsaffer@swlaw.com
*Attorney for Plaintiff Alliance Bank of Arizona*

16

18274801