# EXHIBIT A

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>MCMAHON PROPERTIES, L.L.C.,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 4:14-bk-00092-BMW<br><br>**ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION OF MCMAHON PROPERTIES, L.L.C.** |

Upon consideration of the *Motion for Rule 2004 Examination of Debtor McMahon Properties, L.L.C.* ("Motion") filed by Alliance Bank of Arizona ("Alliance") requesting that an Order be entered directing McMahon Properties, L.L.C. ("Debtor") to produce certain documents and to designate an authorized representative to appear for oral examination pursuant to RULE 2004 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, and for good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is granted in its entirety;

2. The Debtor shall produce for inspection and copying five (5) business days prior to the examination set herein at the law offices of Snell & Wilmer L.L.P., One South Church Avenue, Suite 1500, Tucson, Arizona 85701 the documents listed on **Exhibit "A",** which accompanies this Order; and

3. The Debtor shall designate an authorized representative who is familiar with the documents listed on Exhibit "A" to appear for oral examination on the 28th day of February, 2014, at 9:00 a.m., at the law offices of Snell & Wilmer L.L.P., One South

1 Church Avenue, Suite 1500, Tucson, Arizona 85701, or at such other date and time as
2 may be agreed to by Alliance.

**DATED AND SIGNED AS INDICATED ABOVE.**

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

# EXHIBIT A

# DEFINITIONS

1. "You," "your" or "Debtor" means McMahon Properties, L.L.C., the debtor in United States Bankruptcy Court, District of Arizona Case No. 4:14-bk-00092-BMW, its agents, principals, managers, members, employees, attorneys, or other authorized representatives (including, but not limited to, Debtor's property manager).

2. "Property" means all real, personal, tangible, and/or intangible property, whether or not specifically referenced herein, no matter how title is held.

3. "Affiliated Entity" means any corporation (of any type), general or limited partnership, limited liability company, limited liability partnership, limited liability limited partnership, joint venture, or any other similar entity in which the Debtor or the Debtor's principals, managers or members have, or at any time on or after January 1, 2011, had, a legal or equitable interest of any type whatsoever, however held in any capacity whatsoever, including but not limited to as an owner, shareholder, stockholder, partner, member, joint venturer, officer, director, managing member, or managing agent.

4. "Affiliated Entity Lease" means any lease agreement between the Debtor as landlord and any Affiliated Entity as tenant, including but not limited to McMahon's Steakhouse, L.L.C. and Metro Restaurants, Inc., or any other document evidencing an Affiliated Entity's purported interest in the Debtor's Property.

5. "Affiliated Entity Tenant" means any Affiliated Entity that is currently leasing or within the past three (3) years has leased Property from the Debtor.

6. "Lease" means any lease agreement between the Debtor as landlord and any other entity or individual as tenant, or any other document evidencing an entity or individual's purported interest in the Debtor's Property.

7. "Tenant" means any entity or individual who is currently leasing or within the past three (3) years has leased Property from the Debtor.

8. "Insider(s)" means directors of the Debtor, officers of the Debtor, persons in control of the Debtor, partnership in which the Debtor is a general partner, a general partner of the Debtor, or a relative of a general partner, director, officer, or person in control of the Debtor.

9. "Financial Records" means any and all tax returns, bank statements, financial statements, profit & loss statements, shareholder reports, balance sheets, general ledgers, budgets, financial projection, payroll records, accounts receivable, accounts payable, and all other financial books and records, including but not limited to copies of all processed and cancelled checks.

10. "Corporate Records" means any and all articles of incorporation, articles of organization, partnership agreements, joint operating agreements, annual reports, periodic reports, minutes of meetings, resolutions, membership list, partnership list, list of shareholders, and any other document related to the formation, ownership, or operation of the Debtor and/or any Affiliated Entity.

11. "Account(s)" means any bank account, savings account, retirement account, certificate of deposit account, trust account, etc., in which you or any Affiliated Entity had an interest or were signatories from and after January 1, 2011, whether or not the Account is currently closed.

12. "Sale" or "Proposed Sale" means any proposed, potential, or negotiated sale of the Property to any third party.

13. "Communication," "Communicate" or "Communicated" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including by telephone, facsimile, telegraph, telex, e-mail, or other medium.

14. "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to indicate the topic for

discussion may include all or any issue mentioned by the listed topic for discussion in which any conjunction or disjunction appears.

15. "<u>Any</u>," "<u>each</u>" and "<u>all</u>" shall be read to be all inclusive.

16. "<u>Document</u>" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to emails, text messages, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, books, newspaper articles, magazines, advertisements, periodicals bulletins, pamphlets, statements, notices, reports, rules, regulations, directives, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes/discs/thumb drives for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored electronically), and other compilations from which information can be obtained or translated, if necessary, into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

## **INSTRUCTIONS**

1. In producing the documents designated below, you must furnish all documents known or available to you regardless of whether a document is currently in your possession, custody, or control, or that of your attorneys, employees, agents, investigators, or other representatives, or is otherwise available to you.

2. If, for any reason, you are unable to produce in full any document requested:

    a. Produce each such document to the fullest extent possible;

       b.      Specify the reasons for your inability to produce the remainder; and

       c.      State in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of each document not produced in full.

3.     If any document requested was at one time in existence, but is no longer in existence, please state for each document as to which that is the case:

       a.      The type of document;

       b.      The types of information contained therein;

       c.      The date upon which it ceased to exist;

       d.      The circumstances under which it ceased to exist;

       e.      The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

       f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

4.     For each document requested which you are unable to produce and which was at any time within your possession, custody or control, or to which you had access at any time, specify in detail:

       a.      The nature of the document (i.e., letter, memorandum, etc.);

       b.      The author of the document;

       c.      All recipients of the document and any copy thereof;

       d.      A summary of the information contained in the document;

       e.      The date on which you lost, relinquished, or otherwise ceased to have possession, custody, control of, or access to the document;

       f.      Identify all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have possession, custody, or control of, or access to the document; and

       g.      Identify all persons who have or have had knowledge of the contents of the document, in full or in part.

5.     In the event you seek to withhold or do withhold any document, in whole or in part, on the basis that it is not subject to discovery, produce a list of all such documents and, as to each such document, state:

       a.      The name of each author, writer, sender or initiator of each such document;

b. The name of each recipient, addressee or party to whom such document was sent or intended to be sent;

c. The name of each and every person who received a copy of the document;

d. The date of the document or, if no date appears on the document, the date the document was prepared;

e. The location of the document;

f. The title of the document or, if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

g. The grounds claimed for withholding the document from discovery (e.g., attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

6. This Request is a continuing one, and requires that you produce all responsive documents and tangible objects whenever you obtain or become aware of them, even if they are not in your possession or available to you on the date you first produce documents pursuant to this Request.

## DOCUMENTS/RECORDS TO BE PRODUCED

1. Copies of any and all Documents that constitute, discuss, describe or mention any transfer of real or personal property (whether tangible or intangible), money, or any other type of consideration between the Debtor on one hand and any Affiliated Entity on the other from and after January 1, 2011, including, but not limited to, tax returns, deeds, titles, dividends, distributions, Financial Records, W-2, 1099, pay stub, Account statements, cashed and cancelled checks, etc.

2. Copies of any and all Documents that constitute, discuss, describe or mention any transfer of real or personal property (whether tangible or intangible), money, or any other type of consideration between the Debtor on one hand and any Affiliated Entity Tenant on the other from and after January 1, 2011, including, but not limited to, tax returns, deeds, titles, dividends, distributions, Financial Records, W-2, 1099, pay stub, Account statements, cashed and cancelled checks, etc.

3. Copies of any and all Documents that constitute, discuss, describe or mention any transfer of real or personal property (whether tangible or intangible), money, or any other type of consideration between the Debtor on one hand and any Tenant on the other from and after January 1, 2011, including, but not limited to, tax returns, deeds, titles, dividends, distributions, Financial Records, W-2, 1099, pay stub, Account statements, cashed and cancelled checks, etc.

4. Copies of any and all Documents that constitute, discuss, describe or mention any transfer of real or personal property (whether tangible or intangible), money, or any other type of consideration between the Debtor on one hand and any Insider on the other from and after January 1, 2011, including, but not limited to, tax returns, deeds,

titles, dividends, distributions, Financial Records, W-2, 1099, pay stub, Account statements, cashed and cancelled checks, etc.

5. Copies of any and all Communications related to the transfers set forth in Items 1, 2, 3 and 4.

6. Copies of any and all Documents that constitute, discuss, describe or mention use, lease or occupancy of any portion of the Debtor's Property by an Affiliated Entity Tenant, including, but not limited to, Affiliated Entity Lease(s) and any unexecuted drafts of the same and any amendments thereto, and any Document evidencing all amounts paid for said use, lease or occupancy.

7. Copies of any and all Communications from and after January 1, 2011 between the Debtor and any other person or entity regarding the use, lease or occupancy of any portion of the Property and/or the payment of rent by any Affiliated Entity Tenant(s), whether such Communication occurred before or after the purported execution of any Affiliated Entity Lease(s) or the start of such use or occupancy.

8. Copies of any and all Communications between the Debtor on one hand, and any Affiliated Entity Tenant, on the other, regarding the negotiation and execution of any Affiliated Entity Lease and/or the payment of rent or other financial transfers between the Debtor and any Affiliated Entity Tenant.

9. Copies of any and all Documents that constitute, discuss, describe or mention use, lease or occupancy of any portion of the Debtor's Property by a Tenant, including, but not limited to, Leases and any unexecuted drafts of the same and any amendments thereto, and any Document evidencing all amounts paid for said use, lease or occupancy.

10. Copies of any and all Communications from and after January 1, 2011 between the Debtor and any other person or entity regarding the use, lease or occupancy of any portion of the Property and/or the payment of rent by a Tenant, whether such Communication occurred before or after the purported execution of any Lease or the start of such use or occupancy.

11. Copies of any and all Communications between the Debtor on one hand, and any Tenant, on the other, regarding the negotiation and execution of any Lease and/or the payment of rent or other financial transfers between the Debtor and any Tenant.

12. Copies of any and all Documents that constitute, discuss, describe or mention any Leases or occupancy agreement for any portion of the Debtor's Property, whether such Lease or occupancy agreement is presently effective, expired, terminated, proposed, being negotiated, or was never consummated.

13. Copies of any and all Communications between the Debtor on one hand, and any Affiliated Entity on the other, regarding the ownership, management, or membership of the Debtor.

14. Copies of any and all Communications between the Debtor on one hand, and any Insider on the other, regarding the ownership, management, or membership of the Debtor.

15. Copies of any and all Communications between the Debtor, on one hand, and any Affiliated Entity, on the other, regarding the income or receipts of the Debtor.

16. Copies of any and all Communications between the Debtor, on one hand, and any Insider, on the other, regarding the income or receipts of the Debtor.

17. Copies of any and all Documents that constitute, discuss, describe or mention the Debtor's Financial Records from and after January 1, 2011, including but not limited to copies of processed and cancelled checks.

18. Your complete tax returns for the years 2011 to present.

19. Monthly statements for the Accounts from and after January 1, 2011, whether or not a particular Account is currently closed.

20. Monthly credit card statements from and after January 1, 2011 for all cards in your name, or the name of any Affiliated Entity and/or Insider, or upon which you were an authorized signatory, whether or not the credit card Account is currently closed.

21. The payment of rent or a mortgage by you from and after January 1, 2011, including all processed and canceled checks.

22. Any and all Documents that constitute, discuss, describe or mention the ownership of your primary place of business.

23. Any and all Documents that constitute, discuss, describe or mention the value of your primary place of business, including but not limited to appraisals and broker's price opinions.

24. Any and all Documents and/or Corporate Records evidencing your ownership, partnership, membership, or other interest in any Affiliated Entity held by you from January 1, 2011 to present.

25. Your complete Corporate Records from and after January 1, 2011.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200