Jonathan M. Saffer (AZB #022004)
Jill H. Perrella (AZB #026270)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ  85701-1630
Telephone: (520) 882-1200
Facsimile (520) 884-1294
E-mail:  jmsaffer@swlaw.com
         jperrella@swlaw.com
*Attorneys for Alliance Bank of Arizona*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re:<br><br>MCMAHON PROPERTIES, L.L.C.,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 4:14-bk-00092-BMW<br><br>**LIMITED OBJECTION TO "APPLICATION OF DEBTOR FOR RETENTION OF ATTORNEYS"**<br><br>[Related to Dkt. No. 31] |

Alliance Bank of Arizona ("<u>Alliance</u>"), secured creditor in the above-captioned Chapter 11 bankruptcy case ("<u>Bankruptcy Case</u>") of McMahon Properties, LLC ("<u>Debtor</u>"), hereby objects to Debtor's *Application of Debtor for Retention of Attorneys* [Dkt. No. 31] ("<u>Application</u>") on a limited basis,[1] because the Debtor has not made required disclosures under the Bankruptcy Code and Rules.

First of all, the Application states that proposed counsel The Law Office of Scott D. Gibson, P.L.L.C. ("<u>SDG</u>") received a $10,000.00 retainer for pre-petition services and post-petition services through the date of the Debtor's first meeting of creditors; however, neither the Application nor SDG's *Verified Statement Pursuant to Federal Rules of Bankruptcy Procedure 2014 and 2016* [Dkt. No. 32] ("<u>Statement</u>") identifies the source of the retainer, in violation of Section 329 of the Bankruptcy Code and Rule 2016. *See* 11 U.S.C. § 329(a); Fed. R. Bankr. 2016(b); *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995) (the burden is on the applicant to make full and complete disclosure under

---

[1] Alliance reserves all rights to supplement this Limited Objection prior to a final hearing on the Application.

Section 329 and Rule 2016). Indeed, the Statement does not disclose the payment of the retainer at all.

Alliance is also concerned about the size and limited nature of SDG's retainer. A $10,000.00 retainer which only covers SDG's services through the Debtor's first meeting of creditors is insufficient in light of Alliance's perfected security interest in all of the Debtor's income, rents and accounts receivable. Furthermore, it entirely unclear how the Debtor plans to pay SDG's fees beyond the initial retainer, as the estate appears to be administratively insolvent.[2] Alliance expressly reserves the right to object to the payment of Debtor's professionals' fees from its cash collateral or to any proposed administrative carve-out.

Secondly, prior to the Petition Date, Alliance had put into place a state court-appointed receiver to take control of the Debtor's assets, in part due to Alliance's concerns regarding unauthorized transfers between the Debtor and related entities. Alliance continues to have serious concerns about the commingling of assets by the Debtor and its affiliated entities, which all appear to be operated by the same principal. Indeed, several of these entities have recently filed for Chapter 11 bankruptcy protection (with SDG as proposed debtors' counsel): *see In re Old Pueblo Grill, LLC* (Case No. 4:14-bk-01283-BMW); *In re McMahon's Steakhouse, LLC* (Case No. 4:14-bk-01281-BMW); *In re Metro Restaurants, Inc.* (Case No. 4:14-bk-01278-BMW); and *In re Metropolitan Grill, LLC* (Case No. 4:14-bk-01284-EWH). Disclosure of the source of SDG's retainer and future fees (as well as the source of any retainer paid in these related cases) is particularly important in light of these filings, as there is great potential for conflict considering the history of unauthorized transfers between these related debtor entities.

---

[2] To illustrate, the Debtor's recently filed Schedules reveal no cash on hand and an "unknown" amount in its checking account. *See* Dkt. No. 34. Indeed, the only asset listed is accounts receivable, with no indication if or when such payments might be made to the Debtor. *See id.*

**WHEREFORE**, based on the foregoing and good cause appearing, Alliance respectfully requests that the Court require the Debtor to identify the source of SDG's retainer and future fees, and any other required disclosures under the Bankruptcy Code and Rules, prior to granting the Application.

RESPECTFULLY SUBMITTED this 7th day of February, 2014.

SNELL & WILMER L.L.P.

By */s/ Jill H. Perrella*
Jonathan M. Saffer
Jill H. Perrella
One South Church Ave, Suite 1500
Tucson, AZ 85701-1630
*Attorneys for Alliance Bank of Arizona*

**COPY** of the foregoing served by U.S. Mail or electronic notification on February 7, 2014, to:

Scott D. Gibson
LAW OFFICE OF SCOTT D. GIBSON, PLLC
6303 E. Tanque Verde Rd., Ste. 210
Tucson, AZ 85715
ecf@sdglaw.net
*Attorney for Debtor*

Renee Sandler Shamblin
OFFICE OF THE U.S. TRUSTEE
230 N. First Ave., Ste. 204
Phoenix, AZ 85003-1706
renee.s.shamblin@usdoj.gov

William Scott Jenkins, Jr.
Alissa A. Brice
RYLEY CARLOCK & APPLEWHITE
One N. Central Ave., Ste. 1200
Phoenix, AZ 85004-4417
sjenkins@rcalaw.com
abrice@rcalaw.com
*Attorneys for Resolute Commercial Services*

Matthew H. Sloan
JENNINGS, HAUG & CUNNINGHAM, L.L.P.
2800 N. Central Ave., Ste. 1800
Phoenix, AZ 85004-1049
mhs@jhc-law.com
*Attorneys for National Bank of Arizona*

*/s/ Jill H. Perrella*