# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

| | |
|---|---|
| **Debtor:** | MCMAHON PROPERTIES, LLC |
| **Case Number:** | 4:14-BK-00092-BMW    **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, FEBRUARY 12, 2014 01:00 PM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | CINDY TURNBULL |
| **Reporter / ECR:** | WESLEY STANGRET |

### Matter:

CONTINUED HEARING RE MOTION TO EXCUSE RECEIVER'S TURNOVER OF THE PROPERTY FILED BY ALLIANCE BANK OF ARIZONA (CONT. FROM 1/24/14)

**R / M #:**   14 / 0

### Appearances:

SCOTT D. GIBSON, ATTORNEY FOR MCMAHON PROPERTIES, LLC
JONATHAN M. SAFFER, ATTORNEY FOR ALLIANCE BANK OF ARIZONA
SCOTT JENKINS, RECEIVER, APPEARING BY PHONE

Case 4:14-bk-00092-BMW    Doc 46    Filed 02/12/14    Entered 02/18/14 13:28:39    Desc
Main Document    Page 1 of 3

02/18/2014  1:28:11PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   4:14-BK-00092-BMW         WEDNESDAY, FEBRUARY 12, 2014 01:00 PM

## *Proceedings:*

MR. SAFFER REPORTS THAT NOTHING HAS BEEN WORKED OUT.  HIS CLIENT IS STILL PRESSING THE MOTION.  THE ASSETS BELONGING TO THIS DEBTOR HAVE NOT BEEN TURNED OVER BY MR. MCMAHON IN VIOLATION OF THE STATE COURT ORDER, AND INVOLVE SOME OF THE OTHER RELATED COMPANIES.  HIS CLIENT NEVER GOT A FULL ACCOUNTING OF THE ASSETS THAT SHOULD HAVE BEEN TURNED OVER TO THE STATE COURT RECEIVER.  HE FEELS THE RECEIVER SHOULD REMAIN IN PLACE.  HE FURTHER STATES HIS POSITION.  THE PRINCIPAL OF THESE FIVE CASES IS HOPELESSLY CONFLICTED.  HE URGES THE COURT TO KEEP THE RECEIVER IN PLACE, PENDING THE PROPOSAL OF A PLAN.

COURT:  IS THIS CASE THE ONLY CASE WHERE A RECEIVER HAS BEEN APPOINTED?

MR. SAFFER STATES IT IS.

COURT:  THERE ARE NO OPERATIONS OF THIS ENTITY, OTHER THAN THE HOLDING COMPANY FOR THE REAL PROPERTY?

MR. SAFFER STATES ALL THE RECEIVER IS DOING IS MANAGING A TRUST ACCOUNT, AND COLLECTING THE RENTS, PAYING THE UTILITIES, AND OTHER EXPENSES THAT WOULD BE APPROVED UNDER A CASH COLLATERAL ORDER.

MR. GIBSON REPORTS THAT HE HAS BEEN TRYING TO RESOLVE THE ISSUES, AND EXPLAINS WHAT THIS DEBTOR DOES.  THERE IS NO REASON TO HAVE ANOTHER LEVEL OF ADMINISTRATIVE EXPENSE.  HE STATES THE CAUSE FOR FILING THIS BANKRUPTCY.  THE DEBTOR IS CURRENTLY 95% OCCUPIED, AND HAS SUFFICIENT FUNDS TO OPERATE AT THIS TIME TO PAY ALL UTILITY PAYMENTS, TAX PAYMENTS, AND PROPOSED ADEQUATE PROTECTION PAYMENTS TO THE LENDER.   HE FURTHER EXPLAINS.  THERE IS NO REASON TO KEEP THE RECEIVER IN PLACE.  THIS IS NOT THE ONLY ASSET IN THIS ESTATE.  IF THE RECEIVER REMAINS IN PLACE, THE DEBTOR WILL HAVE TWO SETS OF BOOKS.  THE DEBTOR CAN'T OPEN DIP ACCOUNTS BECAUSE THERE HAS BEEN NO COMMUNICATION WITH THE RECEIVER, AND HE HASN'T REPORTED TO HIM.  THE DEBTOR DOESN'T KNOW WHAT RENTS ARE BEING COLLECTED, WHAT THE BANK ACCOUNT BALANCES ARE, ETC.  HIS HANDS ARE TIED REGARDING COMPLYING WITH THE CHAPTER 11 REQUIREMENTS.  MCMAHON STEAKHOUSE HAS NOT BEEN PAYING ITS RENTS.  THEY NEED TO ELIMINATE THE  RECEIVERSHIP, AND HAVE THE TURNOVER OCCUR.   THE DEBTOR WILL BE OBJECTING TO ANY FEES THAT THE RECEIVER MAY HAVE  INCURRED.  THE DEBTOR WILL COLLECT THE RENTS, ACCOUNT FOR THE RENTS, AND PROPOSE TO PAY ALLIANCE BANK INTEREST-ONLY PAYMENTS UNTIL A PLAN IS FILED.

COURT:  ARE ALL OF THE RELATED ENTITIES IN BANKRUPTCY?

MR. GIBSON STATES THEY ARE.  HE PLANS TO JOINTLY ADMINISTER THE OTHER ENTITIES, BUT WILL NOT INCLUDE THIS ONE.  METRO RESTAURANTS IS THE MANAGEMENT COMPANY FOR THE THREE OPERATING COMPANIES.  IT PAYS ALL PAYROLL AND MAINTAINS ALL OF THE ACCOUNTING FOR ALL OF THE ENTITIES.

MR. JENKINS STATES WHEN THE RECEIVER TOOK OVER, IT RAN INTO IMMEDIATE PROBLEMS REGARDING TURNOVER.  THERE HAS BEEN NO REQUEST FOR INFORMATION OR ANYTHING.  THE RECEIVER AGREED TO STAY ON UNTIL FRIDAY, AND HE WILL FILE AN ACCOUNTING DETAILING WHAT HAS BEEN DONE.

MR. SAFFER RESPONDS TO COMMENTS MADE.  HE DISCUSSES THE SCHEDULES AND STATEMENTS.  THERE ARE SECURITY DEPOSITS FOR ALL OF THE TENANTS THAT ARE IN THE CENTER, AND THOSE ACCOUNTS HAVE NOT BEEN TURNED OVER.

COURT:  WILL AN EVIDENTIARY HEARING BE NECESSARY?

MR. SAFFER STATES POSSIBLY.

COURT:  THERE IS NO EVIDENCE OF MISMANAGEMENT.

MR. SAFFER BELIEVES THERE IS MISMANAGEMENT.  THERE ARE PRE-PETITION PROBLEMS.  THERE IS A LACK OF DISCLOSURE AND TRANSPARENCY WITH THE DOCUMENTS THAT HAVE BEEN FILED.

COURT:  WE DO HAVE A RECEIVERSHIP ORDER IN PLACE, AND THE ORDER IS LIMITED.

MR. GIBSON STATES THERE IS NO REASON FOR AN EVIDENTIARY HEARING.  THE SEGREGATION OF SECURITY DEPOSITS ONLY APPLY TO RESIDENTIAL LEASES, THE SECURITY DEPOSITS WERE DEPOSITED INTO AN OPERATING ACCOUNT, AND WILL BE REFUNDED UPON TERMINATION OF THE TENANTS.  THAT IS WHY THEY WERE NOT TURNED OVER.  HE CAN'T FILE AN

(continue)... 4:14-BK-00092-BMW     WEDNESDAY, FEBRUARY 12, 2014 01:00 PM

OPERATING REPORT, WHICH IS DUE ON FRIDAY, SINCE THE RECEIVER HASN'T PROVIDED ANY INFORMATION. THE RECEIVER IS OUT OF TOWN, AND NOT ON SITE. NO RESPONSE WAS FILED BECAUSE HE WAS TRYING TO KEEP EXPENSES DOWN.

COURT: WILL NOT EXCUSE TURNOVER OF THE RECEIVER. THE COURT WILL ORDER THE RECEIVER TO TURNOVER ALL OF THE ASSETS, BOOKS AND RECORDS BACK TO THE DEBTOR IN POSSESSION, AND TO PROVIDE INFORMATION TO FILE OPERATING REPORTS. THE RECEIVER IS TO FILE HIS APPLICATION FOR FEES UP TO THE DATE OF THE ENTRY OF THIS ORDER, AND THE COURT WILL CONSIDER THEIR REASONABLENESS. MR. GIBSON IS TO UPLOAD THE ORDER. THE COURT CAUTIONS THE PARTIES THAT IT WILL NOT EXCUSE TURNOVER, AND THE BOOKS ARE TO BE TRANSPARENT, OR THE COURT WILL APPOINT A TRUSTEE. AFTER DISCUSSION, MR. GIBSON IS TO AMEND HIS 2016, AND INCLUDE A COPY OF HIS RETENTION AGREEMENT. THE COURT WILL NOT GO FORWARD EXCEPT UNDER 327.

MR. GIBSON RESPONDS, AND STATES HE WILL AMEND HIS 2016 STATEMENT.

MR. SAFFER DISCUSSES CASH COLLATERAL, AND HIS CONCERNS.

COURT: THE RECEIVER HAS THE AUTHORITY UNTIL THE COURT SIGNS AN ORDER RE CASH COLLATERAL. THE RECEIVER IS TO FILE A FULL ACCOUNTING OF WHAT HAS BEEN PAID.

MR. GIBSON RENDERS FINAL COMMENTS.

Page 3 of 3

Case 4:14-bk-00092-BMW   Doc 46   Filed 02/12/14   Entered 02/18/14 13:28:39   Desc
Main Document   Page 3 of 3     02/18/2014 1:28:11PM