# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

**Debtor:** MCMAHON PROPERTIES, LLC
**Case Number:** 4:14-bk-00092-BMW  **Chapter:** 11
**Date / Time / Room:** THURSDAY, APRIL 03, 2014 10:30 AM   COURTROOM 446
**Bankruptcy Judge:** BRENDA M. WHINERY
**Courtroom Clerk:** CINDY TURNBULL
**Reporter / ECR:** RHIANNA DOMINGUEZ

## Matters:

1) PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY OR, ALTERNATIVELY, REQUEST FOR ADEQUATE PROTECTION FILED BY OF ALLIANCE BANK OF ARIZONA (CONT. FROM 4/1/14)
   **R / M #:** 56 / 0

2) ADM: 4:14-BK-00092-BMW
   CONTINUED STATUS HEARING RE MOTION TO APPOINT CHAPTER 11 TRUSTEE; OR ALTERNATIVELY, MOTION TO CONVERT CASE TO CHAPTER 7 FILED BY ALLIANCE BANK OF ARIZONA (CONT. FROM 3/25/14)
   **R / M #:** 68 / 0

## Appearances:

SCOTT D. GIBSON, ATTORNEY FOR MCMAHON PROPERTIES, LLC
JONATHAN M. SAFFER, AND JILL H PERRELLA, ATTORNEYS FOR ALLIANCE BANK OF ARIZONA
JENNIFER OPIE, REPRESENTATIVE FOR ALLIANCE BANK
SCOTT JENKINS, ATTY FOR RESOLUTE COMMERCIAL SERVICES, RECEIVER
PAT LOPEZ, ATTY FOR LALI INVESTMENTS, LLC.

# Minute Entry

(continue)...  4:14-bk-00092-BMW          THURSDAY, APRIL 03, 2014 10:30 AM

## *Proceedings:*

MR. SAFFER STATES THERE APPEARS TO BE DIFFERENT DIP ACCOUNTS FOR THE METRO CASES AND THE MCMAHON CASE. HE RENDERS AN UPDATE. MR. GIBSON IS REPRESENTING SEVERAL CLIENTS. HE IS CONCERNED WITH DEFICIENCIES REGARDING THE OPERATING REPORTS, AND DEFICIENCIES REGARDING THE USE OF CASH. REGARDING THE OPERATING REPORTS, THE FEBRUARY REPORT HAS NO INFORMATION, OTHER THAN WHAT THE RECEIVER PRODUCED. HE DOESN'T HAVE INFORMATION ON INCURRED EXPENSES OR RENT THAT IS BEING PAID. THERE ARE MORE MISSING RENTS THAN JUST THE INSIDER ENTITIES. HE REVIEWS THE CURRENT RENT ROLL. HE WANTS TO KNOW WHO IS NOT PAYING RENT OTHER THAN THE INSIDER ENTITIES, AND WHY. HE WANTS AN ACCOUNTS RECEIVABLE SHEET THAT SHOWS WHAT IS BEING PAID AND WHEN. THERE IS NO BALANCE SHEET, ACCOUNTING STATEMENT, ETC. HE DISCUSSES THE BUDGET, HIS CLIENT CAN'T TELL WHAT IS HAPPENING WITHOUT ANY ITEMIZATION. THERE ARE UNAUTHORIZED USES OF CASH, AND THAT COMES OUT OF HIS CLIENT'S RENT, AND SHOULD NEVER HAVE BEEN PAID WITHOUT COURT AUTHORITY. HIS CLIENT'S RENT IS BEING SPENT WITHOUT AUTHORITY IN VIOLATION OF THE CODE. HIS CLIENT OPPOSED THE TURNOVER. REGARDING THE MOTION FOR STAY RELIEF, THERE IS NO EQUITY IN THE PROPERTY, THERE IS NO DECLARATION FROM THE OWNER OF THE PROPERTY SAYING THERE IS EQUITY IN THE PROPERTY,AND THE PROPERTY IS NOT NECESSARY FOR THE REORGANIZATION. THIS IS A REAL ESTATE HOLDING COMPANY. FURTHER DISCUSSION IS HELD. HIS CLIENT REQUESTS THE APPOINTMENT OF A CHAPTER 11 TRUSTEE.

MR. GIBSON STATES THE DEBTOR IS A REAL ESTATE HOLDING COMPANY, AND HAS TWO ASSETS, TWO MORTGAGE PAYMENTS, TAXES, INSURANCE AND MAINTENANCE. A RECEIVER WAS IN PLACE PRIOR TO THIS BANKRUPTCY FOR SIX WEEKS, AND IT COST ABOUT $7,000 PER MONTH IN OVERHEAD. THE DEBTOR DOESN'T HAVE THE ABILITY TO PAY THAT, AND NO ADDITIONAL LAYER OF EXPENSE IS NEEDED. MR. SAFFER HAS A BUDGET, AND ALL OF THE PIECES OF FINANCIAL INFORMATION THAT EXIST. THE DEBTOR HASN'T HAD THE AUTHORITY TO PAY THE RENT. HE HAS OFFERED TO MAKE ADEQUATE PROTECTION PAYMENTS, BUT MR. SAFFER'S CLIENT HAS REFUSED THAT. AS SOON AS THE CASH COLLATERAL ORDER TAKES EFFECT, HE CAN PAY THE RENTS AT $4,000 PER MONTH. HE RESPONDS TO ADDITIONAL COMMENTS MADE. THE PROPERTY IS FUNCTIONING. HE WILL FILE THE MARCH OPERATING REPORT NEXT WEEK. ALL OF THE OPERATING REPORTS WILL BE FILED BY APRIL 15, 2014. A FEW PAYMENTS THAT WERE MADE WITHOUT COURT AUTHORIZATION ARE DISCUSSED. HE DOESN'T SEE ANY BASIS FOR AN APPOINTMENT OF A TRUSTEE. HE HAS FILED DETAILED AND AMENDED APPLICATIONS FOR HIS EMPLOYMENT, AND 2016 STATEMENTS, BUT FORGOT TO INCLUDE THE SOURCE OF THE RETAINERS THAT WERE PROVIDED. HE WILL FURTHER AMEND HIS APPLICATION.

MR. JENKINS RESPONDS TO ALLEGATIONS MADE IN PRIOR HEARINGS THAT THE RECEIVER WASN'T BEING COOPERATIVE, THAT ISN'T TRUE. HE LOOKED INTO THE $9,000 PAYMENT, AND THE ALLEGATION THAT THE RECEIVER HAD INSTRUCTED THE DEBTOR TO MAKE THAT PAYMENT ISN'T ACCURATE.

COURT: THE RECEIVER'S FINAL REPORT IS DISCUSSED. THERE WAS ABOUT $61,000 ON THE DATE OF TERMINATION OF THE RECEIVERSHIP, WHAT AMOUNT OF THAT MONEY HAS BEEN TURNED OVER TO THE DEBTOR?

MR. JENKINS RESPONDS. PURSUANT TO THE ORDER OF TURNOVER, THE DEBTOR IS TO MAKE ARRANGEMENTS TO TRANSFER THE ACCOUNT. IT IS THE DEBTOR'S OBLIGATION TO TAKE THE STEPS TO TRANSFER THE ACCOUNT BACK TO THE DEBTOR.

COURT: ALL FUNDS ARE STILL IN THE RECEIVER'S ACCOUNT?

MR. JENKINS STATES THEY ARE.

MR. SAFFER STATES THERE IS A RECEIVER ACCOUNT THAT IS BEING MAINTAINED. THE INCOME FOR THE LAST TWO MONTHS IS $32,000 AND $36,000. HE DOESN'T FEEL THERE WILL BE A STIPULATION. THERE IS NO ADEQUATE PROTECTION ORDER, NO CASH COLLATERAL BUDGET PROPOSED, ETC. HE URGES THE COURT TO APPOINT A CHAPTER 11 TRUSTEE. HE WANTS STAY RELIEF FOR THIS PROPERTY, AND IF NO CHAPTER 11 TRUSTEE IS APPOINTED TODAY, HE WANTS A FINAL EVIDENTIARY HEARING. THE COURT'S ORDER WASN'T COMPLIED WITH.

MR. GIBSON STATES THERE IS NO FINANCIAL BENEFIT TO THE ESTATE BY BRINGING IN ANOTHER LAYER OF EXPENSE. HE WILL BREAK DOWN THE BUDGET IN FURTHER DETAIL, AND THE DEBTOR HAS OFFERED TO PAY MR. SAFFER THE ACCRUING TAXES, AND THAT CAN BE INCLUDED WITH THE MONTHLY INTEREST PAYMENT. HE WILL BE ASKING FOR A HEARING ON HIS CASH COLLATERAL MOTION.

COURT: THE CONCERN IS REGARDING THE CONFLICT OF INTEREST BETWEEN THE ENTITIES.

MR. GIBSON RESPONDS, AND OFFERS A SOLUTION. DISCUSSION IS HELD.

COURT: THERE IS A CASH COLLATERAL ISSUE, AND POST-PETITION USE OF CASH COLLATERAL. REGARDING THE PAYMENT THAT WAS MADE, THE COURT WILL REQUIRE THAT IT BE REPAID. THE REPORTS ARE TO BE FILED ON TIME.

MR. SAFFER INTERJECTS A COMMENT. HE WANTS THE OPERATING REPORTS TO BE AMENDED.

Page 2 of 3

Case 4:14-bk-00092-BMW    Doc 105    Filed 04/03/14    Entered 04/14/14 17:20:19    Desc
Main Document    Page 2 of 3                                        04/14/2014    5:19:57PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...  4:14-bk-00092-BMW        THURSDAY, APRIL 03, 2014 10:30 AM

COURT: THE FIRST REPORTS WILL BE DUE NEXT WEEK. THERE IS A LOT OF ARGUMENT AND ALLEGATIONS ON BOTH SIDES. BOTH OF TODAY'S ISSUES WILL BE CONTINUED TO APRIL 22, 2014 AT 11:30 A.M. THE DEBTOR IS ORDERED TO TIMELY FILE THE OPERATING REPORTS THAT ARE DUE ON APRIL 15, 2014. THE COURT HAS SERIOUS CONCERNS OF HOW THE MONEY IS BEING USED. THE COURT WILL GIVE THE LIMITED AUTHORIZED USE OF CASH COLLATERAL FOR THE EXPENSES THAT HAVE BEEN APPROVED BY MR. SAFFER. THE DEBTOR IS ALSO ORDERED TO RECOVER THE PRE-PETITION PAYMENT THAT WAS MADE. MR. GIBSON IS TO PAY MR. SAFFER THE INTEREST DUE ON THE OUTSTANDING PRINCIPAL BALANCE WITHIN FIVE DAYS. A HEARING WILL BE SET FOR APRIL 22, 2014 ON THE DEBTOR'S MOTION FOR USE OF CASH COLLATERAL, THE PRELIMINARY HEARING, AND THE CONTINUED STATUS HEARING ON THE MOTION TO APPOINT A CHAPTER 11 TRUSTEE, OR ALTERNATIVELY, MOTION TO CONVERT CASE.

MR. GIBSON STATES HE WILL PROVIDE MR. SAFFER THE RENT ROLL FOR FEBRUARY AND MARCH.

COURT: IT IS ORDERED THAT THE FEBRUARY OPERATING REPORT WILL BE SUPPLEMENTED WITH THE RENT ROLL, AND FULL DETAILS ON THE MARCH REPORT. A RECAP IS GIVEN OF WHAT WILL BE INCLUDED ON THE APRIL 22, 2014 CALENDAR: 1) MOTION FOR ORDER APPROVING RECEIVER'S FEES AND EXPENSES AND ALLOWING RECEIVER TO WITHHOLD FUNDS TO PAY FEES AND EXPENSES FROM TURNOVER OF PROPERTY TO DEBTOR; 2) DEBTOR'S MOTION TO APPROVE OPTION CONTRACT FOR POSSIBLE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS; 3) DEBTOR'S MOTION FOR USE OF CASH COLLATERAL; 4) CONTINUED PRELIMINARY HEARING, AND 5) CONTINUED MOTION TO APPOINT A TRUSTEE OR CONVERSION.

MR. SAFFER RENDERS FINAL COMMENTS. HE REQUESTS AN EVIDENTIARY HEARING ON THESE ISSUES. REGARDING HIS STAY RELIEF MOTION, HE REQUESTS A FINAL EVIDENTIARY HEARING.

COURT: IT DEPENDS ON WHAT IS FILED. THE COURT CAN APPOINT A CHAPTER 11 TRUSTEE WITHOUT AN EVIDENTIARY HEARING. THE APRIL 22, 2014 HEARING WILL NOT BE SCHEDULED AS AN EVIDENTIARY HEARING AT THIS POINT.

MR. LOPEZ STATES HIS CLIENT IS THE LARGEST UNSECURED CREDITOR, AND HE WANTS TO GET SOMETHING OUT OF THIS BANKRUPTCY.