McEvoy Daniels & Darcy,
4560 East Camp Lowell Drive
Tucson, Arizona 85712
Telephone: (520) 326-0133
Fax: (520) 326-5938

Sally M. Darcy
darcysm@aol.com
Attorney for Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 Proceeding |
|---|---|
| MCMAHON PROPERTIES, LLC, | Case No. 4-14-bk-00092-BMW |
| | TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT AND TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND CLAIMS |
| Debtor. | |

Christopher Linscott, duly appointed Chapter 11 Trustee ("Trustee") in the above captioned case, moves this Court for an Order approving the Purchase and Sale, Assignment, and Settlement and Release Agreement attached hereto as Exhibit "1" (the "Settlement Agreement"), and as part of that approval authorizing him to sell and assign the interest held by Debtor McMahon Properties, LLC ("Debtor") in FM Golf Holdings, LLC, free and clear of liens and claims but otherwise AS IS, and to settle and/or compromise a claim, as more fully set forth below and in the Settlement Agreement.

**BACKGROUND.**

Debtor is an Arizona limited liability company. Its members are identified as Robert McMahon ("McMahon") and his wife, Danita McMahon. According to McMahon, the Debtor was formed as a limited liability company in 1997.

On January 3, 2014, the Debtor filed its petition under Chapter 11 of the Bankruptcy

- 1 -

Code. On April 30, 2014, the Order appointing Christopher Linscott as the Trustee for the Debtor's Estate was entered.

McMahon initiated several other Chapter 11 bankruptcies for related entities:

| Entity | Date Filed | Status |
| --- | --- | --- |
| McMahon's Steakhouse, LLC | January 31, 2014 | Converted |
| Old Pueblo Grill, LLC | January 31, 2014 | Converted |
| Metro Restaurants, Inc. | January 31, 2014 | Converted |
| Metropolitan Grill, LLC | January 31, 2014 | Converted |
| Robert and Danita McMahon | January 22, 2015 | Chapter 11 |

According to the Debtor's schedules, the Debtor owns an 18% membership interest (the "18% Interest") in FM Golf Holdings, LLC ("FM Golf"), an Arizona limited liability company. FCR Golf Courses LLC ("FCR"), owns the other 82% interest in FM Golf. Upon information and belief, FM Golf owns Torres Blancas Holdings, LLC, which owns the Torres Blancas Golf Course ("Torres Ranch Golf"). FM Golf also owns the Canoa Ranch Clubhouse, LLC and the Canoa Ranch Golf Course, LLC, which owns the Canoa Ranch Golf Course ("Canoa Ranch Golf"). (Torres Ranch Golf and Canoa Ranch Golf are collectively referred to herein as the "Golf Courses"). The Golf Courses are located in or near Green Valley, Arizona.

According to the representative of FCR, the Golf Courses have been operating at a loss. The FCR representative has provided the following additional information:

1. Torres Blancas Golf is encumbered by a bank loan in the approximate sum of $1,100,000.00.

2. Canoa Ranch Golf is encumbered by a bank loan in the approximate sum of $700,000.00.

3. Paul Oreffice and an affiliated Fairfield entity have loaned approximately $4,000,000.00-5,000,000.00 to the Golf Courses over the past several years due to the operating losses.

- 2 -

4. Based on the above, the FCR representative does not believe there is equity in the Golf Courses.

5. The activities of FM Golf are limited to the Golf Courses and the restaurants that operate in the respective clubhouses.

6. On August 29, 2014, FCR and FM Golf filed a proof of claim ("POC" 25) in the amount of $206,322.00. Pursuant to that POC, FCR and FM Golf support their claim by the following:

    a. McMahon was the manager of the Golf Courses until December 10, 2013.

    b. Prior to 2012, McMahon Properties made its share of the required capital contributions to FM Golf. However, from 2012 to the present, McMahon Properties has failed to make its share of the required capital contributions.

    c. Based on need for capital contributions, FCR made advances to cover the Golf Courses operating expenses including the following:

        i. $159,000.00 in 2012 to cover operating expenses related to the Golf Courses;

        ii. $361,000 in 2013 to cover shortfalls;

        iii. $453,145.00 in 2013 to cover property taxes and payables;

        iv. $173,091.00 in 2014 to cover operating expenses and property taxes.

According to the POC, in light of the foregoing amounts Debtor McMahon Properties was required to make capital contributions to FM Golf totaling $206,322 as of the date the case was filed, based on its 18% interest in FM Golf. Again, Debtor failed to do make those contributions, and has failed to make additional capital contributions that have been required since that time.

Oreffice Investments, LLC, an Arizona limited liability company whose manager and majority member is Paul F. Oreffice, trustee of The Paul F. Oreffice Trust dated September 15,

- 3 -

1996 ("Oreffice Investments"), made an offer to purchase the Debtor's 18% Interest for $1,000.00, and following negotiations, Trustee, Oreffice Investments, FM Golf and FCR entered into the attached Settlement Agreement, which is subject to bankruptcy court approval, whose main terms are as follows:

    1. Oreffice Investments will pay $1,000 to Trustee;

    2. FM Golf and FCR will consent and agree to the transfer of the 18% Interest and recognize Oreffice Investments as a full voting substitute member of FM Golf;

    3. FM Golf, FCR, Paul Oreffice and Oreffice Investments will release and discharge Trustee, Debtor and the Estate from any claim they may have against them arising from or related to the 18% Interest and/or the POC;

    4. Trustee, will transfer and assign any right, title and interest in and to the 18% Interest held by Trustee, Debtor or the bankruptcy estate to Oreffice Investments AS IS, free and clear of liens and claims other than those arising under FM Golf's Operating Agreement; and

    5. Trustee, on behalf of Debtor and the bankruptcy estate will release and discharge FM Golf, FCR, Paul Oreffice and Oreffice Investments from and claims they may have against them arising from or related to the 18% Interest and/or the POC.

The complete terms are set out in the attached Settlement Agreement, and to the extent anything in this Motion is in conflict with that Agreement the terms of that Agreement shall control.

    Pursuant to Section 363 of the Bankruptcy Code, the Trustee, exercising his business judgment, may sell assets of the Estate. Further, pursuant to Rule 9019(a), Fed.R.Bankr.Proc., the Trustee may approve a compromise and settlement in the exercise of his business judgment if it is fair and equitable. *See In re Woodson*, 839 F.2d 610 (9th Cir. 1988). The court has broad discretion in approving settlements. *Woodson*, 839 F.2d at 620.

    The Trustee believes sale and assignment of the 18% Interest and the other terms in the proposed Settlement Agreement is in the best interest of the Estate. Based on the Trustee's review and analysis, Trustee believes the 18% Interest has no, or very limited value, to the

- 4 -

Estate, and in his Amended Disclosure Statement filed on November 19, 2014 in this case stated that the "Estimated Value" for the 18% Interest was "0 – The Debtor has not made its capital calls." While Trustee is proposing to sell the 18% Interest free and clear of claims and interests, the liability for the capital contributions will accompany and be part of the transfer and purchase of the 18% Interest, and any purchaser will otherwise be subject to all of the conditions and terms of the FM Golf Operating Agreement. Among other things, FM Golf alleges that pursuant to the Operating Agreement, to be effective any transfer is subject to consent by FCR, and while FCR has consented to the transfer to Oreffice Investments, FCR has indicated it will not consent to the transfer to any unrelated third party. FCR alleges that absent such consent, any rights that another assignee would receive will be severely limited, particularly given the capital contribution shortfall, and will not include voting rights. The Trustee disagrees with FM Golf and FCR's positions, but the Trustee does not believe it is in the best interest of creditors to litigate this issue regarding FM Golf.

Moreover, in addition to the payment from Oreffice Investments, the Estate will benefit greatly from the parties mutual releases, which include a release of the POC. First, to the extent that the POC is a valid claim, that claim will have been released an as such it will not take part in any distribution from the Estate. Additionally, even if the claim asserted in the POC is not valid for some reason, the Estate will still greatly benefit because it will save substantial time and expense in not having to litigate that POC.

WHEREFORE, pursuant to Section 363 of the Bankruptcy Code and Rule 9019, Federal Rules of Bankruptcy Procedure, the Trustee requests that the Court approve the Purchase and Sale, Assignment, Settlement and Release Agreement and all terms therein.

RESPECTFULLY SUBMITTED this ____ day of August, 2015.

McEVOY, DANIELS & DARCY, P.C.

By: ___/s/Sally M. Darcy_____
    Sally M. Darcy
    Attorney for Trustee

- 5 -

ACCEPTED AND APPROVED:

/s/Patrick R. Barrowclough
Patrick R. Barrowclough
Atkinson, Hamill & Barrowclough, P.C.
3550 N. Central Avenue, Suite 1150
Phoenix, Arizona 85023
Attorneys for Oreffice Investments

/s/ Douglas Vande Krol
Douglas Vande Krol
Santerre & Vande Krol, Ltd.
7920 E. Thompson Parkway, Suite 150
Scottsdale, Arizona 85255
Attorneys for FM Golf and FCR


Copy of the foregoing emailed/mailed this
___ day of August, 2015, to:

Scott D. Gibson          ecf@sdglaw.net
Law Office of Scott D. Gibson, PLLC
2329 N. Tucson Blvd.
Tucson, Arizona 85716
Attorney for Debtor

Renee Sandler Shamblin          renee.s.shamblin@usdoj.gov
Office of the U.S. Trustee
230 N. North First Avenue, Suite 204
Phoenix, Arizona 85003-1706

McMahon Properties
4644 East Fort Lowell Road
Tucson, Arizona 85712-1111
Debtor

All Parties On Master Mailing List

- 6 -

# PURCHASE AND SALE, ASSIGNMENT, SETTLEMENT AND RELEASE AGREEMENT

This Purchase and Sale, Assignment, Settlement And Release Agreement ("Agreement") is entered into on the dates set forth below by and between Christopher Linscott, the Chapter 11 Trustee for McMahon Properties, LLC, an Arizona limited liability company, Paul Oreffice, Oreffice Investments, LLC, an Arizona limited liability company ("Oreffice Investments"), FM Golf Holdings, LLC, an Arizona limited liability company ("FM Golf") and FCR Golf Courses, LLC, an Arizona limited liability company ("FCR").

## RECITALS

A. McMahon Properties, LLC ("Debtor") is the current owner of a membership interest in FM Golf believed to be an eighteen percent (18%) interest (the "FM Golf Interest").

B. On or about January 1, 2014, Debtor filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of Arizona, initiating bankruptcy case no. 4:14-bk-00092-BMW (the "Bankruptcy Case").

C. On or about April 22, 2014, the court entered its order granting a motion to appoint a Chapter 11 trustee in the Bankruptcy Case, and on or about April 29, 2014 Christopher Linscott was appointed as the Chapter 11 Trustee (the "Trustee"), and currently remains in that capacity.

D. On or about August 29, 2014, FM Golf and FCR filed a proof of claim in the Bankruptcy Case asserting a claim of not less than $206,322.00 for Debtor's failure to make required capital contributions to FM Golf (the "Proof of Claim"). Since that time, Debtor has failed to make additional capital contributions, and as a result the amount owed for capital contributions has increased. Hereafter, the amount owed to FCR or FM Golf for Debtor's failure to make capital contributions, including the amount set out in the Proof of Claim, shall be referred to as the "FM/FCR Claim."

Oreffice Investments has requested that Trustee sell and otherwise transfer and assign the FM Golf Interest to Oreffice Investments for the sum of $1,000.00, and has requested that FCR and FM Golf recognize Oreffice Investments as a full voting substitute member of FM Golf following that purchase. Trustee has agreed to sell and otherwise transfer the FM Golf Interest provided that FM Golf and FCR waive and release the FM/FCR Claim as part of that transaction. FM Golf and FCR have agreed to Oreffice Investment's and the Trustee's requests, with all of the foregoing subject to and under the terms and conditions set out herein.

## AGREEMENT – TERMS AND CONDITIONS

In consideration of the foregoing, the mutual promises contained herein, and other good and valuable consideration, the parties agree as follows:

1. <u>Recitals</u>. The Recitals set out above are true and accurate and are incorporated herein.

2. <u>Effective Date</u>. This Agreement is not effective until it has been signed by all of the parties hereto, and it shall become effective on that date (the "Effective Date").

3. <u>Court Approval</u>. This Agreement is subject to bankruptcy court approval In the Bankruptcy Case, and if for any reason it is not approved, then this Agreement shall be terminated and of no further force or effect. No later than five (5) business days after the Effective Date, Trustee shall file with the bankruptcy court a motion seeking an order approving this Agreement (the "Approval Order"), and Trustee shall send notice of that motion and this Agreement to all creditors and parties in interest in the Bankruptcy Case.

4. <u>Oreffice Payment</u>. Within ten (10) business days after the entry of a final Approval Order, and provided that no stay has been entered regarding the effectiveness of that Order, Oreffice Investments shall pay to the Trustee the total sum of One Thousand and 00/100 Dollars ($1,000.00) (the "Purchase Payment") by wire transfer pursuant to written instructions to be given to Oreffice Investments by Trustee, or by cashier's or certified check (or, if agreed by Trustee, by regular check) payable to "Christopher Linscott, Trustee of McMahon Properties, LLC" and delivered to Trustee's attorneys at the address set out in paragraph 9 below.

5. <u>Transfer and Assignment of FM Interest</u>. Effective immediately and concurrently with the receipt of the Purchase Payment, any and all right, title and interest in and to the FM Golf Interest held by Trustee, Debtor or the bankruptcy estate, is hereby transferred, assigned and otherwise sold to Oreffice Investments, including, but not necessarily limited to, any and all voting rights or distribution rights of any kind or nature, free and clear of any liens or claims but otherwise AS IS, and at that time Oreffice Investments shall become a substitute member of FM Golf. Within three (3) days of receipt of the Purchase Payment, Trustee shall execute to Oreffice Investments and deliver to Oreffice Investments' attorneys at the address set out in paragraph 9 below an Assignment Document in the form attached hereto as Exhibit A.

6. <u>Release by Oreffice, FM Golf and FCR</u>. Effective immediately and concurrently with the receipt of the Assignment Document by Oreffice's attorneys, Paul Oreffice, Oreffice Investments, FM Golf and FCR, and each of them, hereby release and discharge Trustee, Debtor and the bankruptcy estate, and any and all successors-in-interest and attorneys of the foregoing, from any and all claims, counterclaims, causes of

2

A0014900

action, liabilities, and damages, in law or in equity, which FM Golf, FCR, Paul Oreffice or Oreffice Investments now have or may have against them arising from or related to the FM Golf Interest and/or the FM/FCR Claim.

7. <u>Release by Trustee</u>. Effective immediately and concurrently with the release set out above, Trustee, on behalf of Debtor and the bankruptcy estate, and each of them, hereby release and discharge FM Golf, FCR, Paul Oreffice and Oreffice Investments, and their respective successors-in-interest and attorneys, from any and all claims, counterclaims, causes of action, liabilities, and damages, in law or in equity, which Trustee, Debtor and/or the bankruptcy estate now have or may have against them arising from or related to the FM Golf Interest and/or the FM/FCR Claim.

8. <u>No Third Party Beneficiaries/No Release as to Third Parties</u>. There are no third party beneficiaries of this Agreement, intended or otherwise. No provision of this Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the parties hereto and their respective successors.

9. <u>Notices</u>. All notices or other communications required or provided to be sent under this Agreement by any party shall be in writing and shall be sent by: (i) United States Postal Service, postage prepaid, certified, return receipt requested; (ii) any nationally known overnight delivery services such as Federal Express; (iii) courier; (iv) electronic mail or (v) in person. All notices shall be deemed to have been given forty-eight (48) hours following deposit in the United States Postal Service, or upon receipt if sent by overnight delivery, courier, transmission, electronic mail or personally delivered. All notices shall be addressed to the party at the address below:

|  |  |
|---|---|
| If to Trustee: | Christopher Linscott<br>Keegan, Linscott & Kenon, P.C.<br>33 N. Stone Ave., Suite 1100<br>Tucson, AZ 85701<br>E-mail: clinscott@klkcpa.com |
| With a copy to: | Sally M. Darcy<br>McEvoy, Daniels & Darcy, P.C.<br>4560 E. Camp Lowell Drive<br>Tucson, AZ 85712<br>E-mail: darcysm@aol.com |
| If to Oreffice: | Paul Oreffice and Oreffice Investments, LLC<br>Attn: Paul and Jo Ann Oreffice<br>6850 E. Cuarenta Court<br>Paradise Valley, AZ 85253<br>E-mail: jporeffice@aol.com |

3

|  |  |
|---|---|
| With a copy to: | Patrick R. Barrowclough |
|  | Atkinson, Hamill & Barrowclough, P.C. |
|  | 3550 N. Central Avenue, Suite 1150 |
|  | Phoenix, AZ 85012 |
|  | E-mail: patrick.barrowclough@azbar.org |
| If to FM/FCR: | Fairfield Green Valley, Inc. |
|  | c/o Karen Williamson |
|  | 6207 East Cholla Drive |
|  | Paradise Valley, AZ 85253 |
|  | E-mail: Karen@rexandkaren.com |
| With a copy to: | Douglas R. Vande Krol |
|  | Santerre & Vande Krol Ltd. |
|  | 7920 E. Thompson Peak Pkwy., Suite 150 |
|  | Scottsdale, AZ 85255 |
|  | E-mail: douglas.vandekrol@azbar.org |

Any address or name specified above may be changed by written notice given by the addressee to the other parties in accordance with this paragraph. Any notice to be given by any party hereto may be given by the counsel for such party.

10. <u>Waiver</u>. No waiver of any of the provisions of this Agreement shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver be a continuing waiver. Except as expressly provided in this Agreement, no waiver shall be binding unless executed in writing by the party making the waiver.

11. <u>Reasonable Actions to Effect Agreement</u>. Each of the parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate to obtain the Approval Order in the Bankruptcy Case or to otherwise carry out the performance of their respective obligations hereunder.

12. <u>Additional Representations</u>. Each individual signing for a party or on their own behalf hereby represents and warrants that he or she is fully authorized to do so, and when so executed this Agreement shall be fully binding on and enforceable against such party and individual on the Effective Date.

13. <u>Legal Representation/Construction</u>. Each of the parties hereto has read and understands this Agreement and is executing it after consultation with their own attorneys, who have participated in the negotiation and drafting of this Agreement, and each party has carefully read this Agreement, has been advised of its meaning and

4

A0014900

consequences by his, her or its respective attorney, and signs the name of his, her or its own free will. The parties acknowledge that any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Agreement.

14. <u>Time of Essence</u>. The time of performance of all obligations under this Agreement is of the essence. In the event the time for performance of any obligation hereunder expires on a Saturday, Sunday or legal holiday, however, then the time for performance shall be extended to the next day that is not a Saturday, Sunday or legal holiday.

15. <u>Governing Law</u>. Except as preempted by federal law, this Agreement shall be governed by and construed in accordance with the laws of the State of Arizona.

16. <u>Binding Effect</u>. The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors-in-interest and assigns, and anyone claiming by, through or under any one of the undersigned parties.

17. <u>Counterparts</u>. For the convenience of the parties, this Agreement may be executed in one or more counterparts and each executed counterpart shall for all purposes be deemed an original and shall have the same force and effect as an original, but all of which together shall constitute in the aggregate one and the same instrument. Facsimile or e-mailed signatures shall have the same force and effect as original signatures.

18. <u>Expenses/Attorneys' Fees</u>. Each of the parties shall bear their own attorneys' fees and costs in regard to this Agreement, including in the preparation and execution of this Agreement and in obtaining the Approval Order. Despite the foregoing, however, if any litigation, arbitration or other proceedings are brought to enforce this Agreement, the prevailing party shall be entitled to its costs and expenses incurred in such proceedings, including reasonable attorneys' fees.

19. <u>Entire Agreement</u>. Except for any corporate resolutions or other corporate documents by FM Golf, FCR or its manager in relation to this matter, this written Agreement constitutes the entire agreement between these parties pertaining to the subject matter hereof, and all prior and contemporaneous agreements, representations and understandings of the parties, oral or written, are hereby superseded. No amendments or modifications to this Agreement are effective unless in writing and signed by all parties hereto.

5

A0014900

*[signature]*

**Christopher Linscott,** the Chapter 11
Trustee for McMahon Properties, LLC
Date: 8/17/15

**ORREFICE INVESTMENTS, LLC,**
an Arizona limited liability company

By:_____
    Paul Oreffice
Its: Manager
Date:_____

_____
**Paul Oreffice**
Date:_____

**FM GOLF HOLDINGS, LLC,**
an Arizona limited liability company

By: FAIRFIELD GREEN VALLEY, INC.,
    an Arizona corporation
Its: Manager

By: *[signature]*
    Karen Williamson
Its: Vice President
Date: 8/18/15

**FCR GOLF COURSES, LLC,**
an Arizona limited liability company

By: FAIRFIELD GREEN VALLEY, INC.,
    an Arizona corporation
Its: Manager

By: *[signature]*
    Karen Williamson
Its: Vice President
Date: 8/18/15

A0014900

6

_____
**Christopher Linscott**, the Chapter 11
Trustee for McMahon Properties, LLC
Date:_____

**ORREFICE INVESTMENTS, LLC**,
an Arizona limited liability company

By: _/s/ Paul Orreffice_____
  Paul Orreffice
Its: Manager
Date: 8-17-15

_/s/ Paul Oreffice_____
Paul Oreffice
Date: 8-17-15

**FM GOLF HOLDINGS, LLC**,
an Arizona limited liability company

By: FAIRFIELD GREEN VALLEY, INC.,
  an Arizona corporation
Its: Manager


By:_____
  Karen Williamson
Its: Vice President
Date:_____

**FCR GOLF COURSES, LLC**,
an Arizona limited liability company

By: FAIRFIELD GREEN VALLEY, INC.,
  an Arizona corporation
Its: Manager

By:_____
  Karen Williamson
Its: Vice President
Date:_____

6

A0014900

Case 4:14-bk-00092-BMW    Doc 324    Filed 08/19/15    Entered 08/19/15 16:37:41    Desc

# EXHIBIT A

# ASSIGNMENT OF MEMBERSHIP INTEREST IN
# FM GOLF, HOLDINGS, LLC

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Christopher Linscott, Chapter 11 Trustee for McMahon Properties, LLC, an Arizona limited liability company ("Assignor"), hereby assigns, conveys and transfers to Oreffice Investments, LLC, an Arizona limited liability company ("Oreffice"), Assignor's 18% interest in FM Golf Holdings, LLC, an Arizona limited liability company ("FM Golf"), and any and all other right, title and interest held in FM Golf by Trustee, McMahon Properties, LLC or the McMahon Properties' bankruptcy estate, together with any and all rights and obligations incidental thereto (collectively the "Membership Interest"), AS IS with said Membership Interest to remain subject to the terms and conditions of the FM Golf Operating Agreement but otherwise the assignment herein is free and clear of any liens, claims, encumbrances or other interests of any kind.

ASSIGNOR:

_____
Christopher Linscott, Chapter 11 Trustee of
McMahon Properties, LLC
Date:_____