STEVEN M. COX, Esq.
PCC #11552 SB #005094
smcox@waterfallattorneys.com

LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ 85711
Telephone: (520)745-7806
Facsimile: (520) 745-1279

Attorneys for Christopher Linscott, the Chapter 11 Trustee in McMahon Properties, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>MCMAHON PROPERTIES, LLC,<br><br>Debtor. | NO. 4:14-bk-00092-BMW<br><br>(Chapter 11)<br><br>**TRUSTEE'S SECOND AMENDED LIQUIDATING PLAN OF REORGANIZATION DATED DECEMBER 17, 2015** |

## Article I

## Introduction

Christopher Linscott, the duly appointed Chapter 11 Trustee ("Trustee") submits his Second Amended Liquidating Plan of Reorganization dated December 17, 2015 ("Amended Plan") in accordance with 11 U.S.C. §1121(a). In the event the Court determines there are impaired classes, and votes are insufficient for confirmation pursuant to 11 U.S.C. §1129(a), the Trustee requests the Bankruptcy Court for the District of Arizona (the "Court") to confirm the Second Amended Plan pursuant to 11 U.S.C. §1129(b).

## Article II

## Definitions

As used in the Amended Plan, the following terms shall have the respective meanings specified below, and such meanings shall be equally applicable to the singular and plural forms of the terms

defined, unless the context requires otherwise. Terms that are defined by the Bankruptcy Code shall have the meaning defined by the Bankruptcy Code unless specifically modified herein. All terms not specifically defined by this Amended Plan shall have the meaning designated in the Bankruptcy Code, or, if not defined therein, their ordinary meaning. These definitions are a substantial and operative part of the Amended Plan.

a. **"Administrative Claims"** shall mean any Allowed Claim that is defined in §503(b) of the Code as being an "administrative expense" within the meaning of such section.

b. **"Administrative Expense"** means any claim for any cost or expense of administration in connection with the Chapter 11 case, in accordance with Code §503(b), including without limitation:

i. the actual, necessary costs and expenses of preserving the Debtor's estate and of operating the business of the Debtor (other than such claims or portions thereof which, by their express terms, are not due or payable by the Effective Date);

ii. the full amount of all claims for allowance of compensation for legal or other professional services or reimbursement of costs and expenses under Code §§330 or 503(b) or otherwise allowed by the Court;

iii. all fees and charges assessed against the Debtor's estate under Chapter 123 of Title 28, United States Code.

c. **"Allowed Claim"** shall mean (a) a Claim allowed by a final order; (b) a Claim as to which a timely and proper proof of claim or application for payment has been filed and as to which proof of claim or application for payment no objection has been made within the time allowed for the making of objections; or (c) a Claim allowed under the Amended Plan, notwithstanding any objection filed thereto by any Person.

d. **"Avoidance Actions"** mean any and all Causes of Action which a trustee, debtor in possession, the Estate or other appropriate party in interest may assert under section 502, 510, 541, 542,

543, 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code (other than those which may be released or dismissed as part of and pursuant to the Amended Plan) or under other similar or related state or federal statutes or common law, including fraudulent conveyance laws.

  e. **"Bankruptcy Rules"** shall mean the rules of procedure in bankruptcy cases applicable to cases pending before the Court and local rules applicable to cases pending in the Court, as the same may from time to time be in effect and applicable to proceedings under the Amended Plan.

  f. **"Case"** shall mean the Chapter 11 case commenced by the filing with the Court on January 3, 2014, of a voluntary petition for relief under Chapter 11 of the Code by Debtor, which petition is assigned Case No 14-00092-BMW.

  g. **"Causes of Action"** means any and all actions, claims, rights, defenses, third-party claims, damages, executions, demands, cross claims, counterclaims, suits, choses in action, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims whatsoever, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly, indirectly or derivatively, at law, in equity or otherwise, accruing to the Trustee, including, but not limited to, the Avoidance Actions.

  h. **"Chapter 11"** shall mean Chapter 11 of the Code, 11 U.S.C. §1101 et. seq.

  i. **"Claim"** shall have the meaning set forth in section 101(5) of the Bankruptcy Code.

  j. **"Code"** shall mean the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §101, et seq.

  k. **"Confirmation Date"** shall mean the date on which the Court enters the confirmation order.

  l. **"Court"** shall mean the United States Bankruptcy Court for the District of Arizona, Tucson Division.

3

m. **"Effective Date of the Amended Plan"** shall mean the later of (I) the first business day following the thirtieth day after entry by the Court of an Order confirming this Amended Plan, or (ii) the first business day after such Order has become final and unappealable; provided, no appeal of said Order is pending.

n. **"Exculpated Persons"** means the Trustee, and his employees, agents, partners, attorneys, advisors and professionals.

o. **"Insider"** shall have the meaning set forth in Section 101(31) of the Bankruptcy Code.

p. **"Interests"** means any and all equity interests, ownership interests or share in the Debtor issued prior to the Petition Date, whether or not certificated, transferable, voting or denominated stock or a similar security, and any Claim or Cause of Action related to or arising from any of the foregoing.

q. **"Personal Property"** means the personal property owned by the Debtor on the Petition Date and as identified on the Debtor's Schedule B and identified in the Amended Disclosure Statement.

r. **"Petition Date"** shall mean, January 3, 2014, the date Debtor filed its voluntary petition under Chapter 11 of the Code with this Court.

s. **"Amended Plan"** shall mean the Trustee's Second Amended Liquidating Plan of Reorganization proposed by the Trustee and dated December 17, 2015, and as may be further amended, modified or supplemented from time to time.

t. **"Property"** means all assets or property of the Debtor's Estate of any nature whatsoever, real or personal, tangible or intangible, including contract rights, accounts and Causes of Action, previously or now owned by the Debtor, or acquired by the Debtor's Estate, as defined in Section 541 of the Bankruptcy Code.

. . .

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, Suite 800
Tucson, AZ 85711
(520)790-5828

## Article III

### Summary of the Amended Plan

The Bankruptcy was filed on January 3, 2014. The Amended Plan provides for liquidation of all of the Debtor's assets and distribution of all of the net funds received to creditors.

## Article IV

### A. Classification And Treatment Of Claims And Interests

All Allowed Claims and Allowed Interests are placed in the classes described below. The Amended Plan divides all claims into eight separate classes. All impaired classes of claims and interests shall receive the distributions set forth in this section on account of and in complete satisfaction of all such Allowed Claims (and any interest). Without limiting the foregoing and upon the Effective Date, each creditor and each equity security holder (or its successor) shall be deemed to have waived, relinquished and released any and all of its rights and claims against the Debtor (other than as provided for in the Amended Plan or the Court's Order confirming the Amended Plan), and all defaults to the creditors shall be deemed cured. In accordance with 11 U.S.C. § 1122, all claims against the Debtor and/or estate of the Debtor are classified as follows:

**Class 1** – Administrative Claims. Administrative expenses are those that have been incurred since the initiation of this bankruptcy. The Bankruptcy Code at §507(a)(1) provides that administrative expenses are entitled to a first priority in payment. Administrative expenses are those set forth in § 503 of the Bankruptcy Code and are estimated to include the following:

a. U.S. Trustee Fees (unknown, believed to be zero). Any amounts owing will be paid on the Effective Date, before payments to unsecured creditors. Post-confirmation reports will be filed and post-confirmation fees will be paid until the case is closed.

b. McEvoy, Daniels & Darcy, PC. Attorneys fees and costs for McEvoy, Daniels & Darcy, PC have been paid.

c. Waterfall, Economidis has been substituted in for McEvoy, Daniels & Darcy, PC as the Trustee's attorneys, and will be paid in full on the Effective Date or as agreed upon by the parties, but only after notice and approval by the Bankruptcy Court. The fees and costs incurred to date are approximately $6,000.00. It is anticipated that on the Effective Date the fees and costs will be approximately $13,000.00.

d. Scott Gibson, the attorney for the Debtor filed a fee application with the Bankruptcy Court seeking allowance and payment of final compensation, and the Court approved $7,497.50. This claim has been paid in full.

e. Post-petition expenses incurred by the Debtor and Trustee have been paid as they have been incurred in the ordinary course of business. To the extent they have not been paid or provided for, they will be paid on the Effective Date or as agreed upon by the parties.

f. Chapter 11 Trustee's Fees. and costs as provided for by the Bankruptcy Code.

The Trustee estimates that the total remaining unpaid administrative claims will be approximately $40,000.00.

This class does not vote.

**Class 2** consists of all Claims that are entitled to priority under Bankruptcy code § 507(A)(3) through (10), other than real property tax claims to whatever extent (if any) that such claims exist. Every class 2 Claim, other than real property taxes, shall be paid in full, and in cash, upon the Effective Date.

Class 2 claims are not impaired under the Amended Plan.

**Class 3** consists of the real property tax claims of Pima County, encumbering the Tanque Verde Property. These claims have been withdrawn and there shall be no disbursements to this Class under the Amended Plan. [See Doc. No. 353]

Class 3 claims are not impaired under the Amended Plan.

6

**Class 4** consists of the real property tax claims of Pima County encumbering the Swan Property. These claims have been withdrawn, and there shall be no disbursements to this Class under the Amended Plan. [See Doc. No. 353]

Class 4 is not impaired under the Amended Plan.

**Class 5** consists of the deficiency claim of Western Alliance Bank, after its foreclosure on the Swan Property. The claim of deficiency claim of Western Alliance Bank will be subordinated to the payment of the Class 6 and 7 claims. After payment of the Class 6 and 7 claims, as set forth below, it is anticipated that Western Alliance Bank will receive roughly $50,000.00. The treatment of the Class 5 Claim is neither a release nor a satisfaction of the Class 5 obligation as to other obligors.

The Class 5 Claim is impaired under the Amended Plan and entitled to vote to accept or reject the Amended Plan.

**Class 6** consists of the secured deficiency claim of National Bank of Arizona ("NBA"). The Tanque Verde Property was sold and NBA filed a deficiency claim, POC #26-2. For purposes of the Amended Plan, NBA's claim shall be allowed in the amount of $17,000.00 and paid on the Effective Date in satisfaction of its claim in this case. The treatment of the Class 6 Claim is neither a release or satisfaction of the Class 6 obligation as to other obligors.

The Class 6 Claim is impaired under the Amended Plan and entitled to vote to accept or reject the Amended Plan.

**Class 7** consists of the general unsecured Claims. The Class 7 claims shall be paid in full, without interest, penalties or other charges assessed after the Petition Date.

The Class 7 Claims are impaired and entitled to vote to accept or reject the Amended Plan.

**Class 8** Claims consist of the equity ownership interest of the members of the Debtor. The membership interest of the existing members of the Debtor shall not receive anything on account of their interests unless or until all claims are paid in full.

The Class 8 Claims are impaired under the Amended Plan.

### B. Provisions For Execution Of The Amended Plan

The Amended Plan provides that, upon confirmation, the Trustee will complete all liquidation of the assets of the Debtor. The Trustee has sold the Tanque Verde Property with CBRE. The Trustee has filed claims in the bankruptcy cases of the Debtor's affiliates, to pursue recovery of these assets for the estate here.

The Amended Plan also authorizes the Trustee to pay ordinary and necessary expenses in order to complete administration of this estate and all distributions as required by the Amended Plan. No members, officers or directors of the Debtor are to receive any compensation for services rendered to the Debtor in connection with this reorganization case.

## Article V

### General Provisions

#### A. Confirmation Without Acceptance By All Impaired Classes

The Bankruptcy Code contains provisions for confirmation of a plan even if the plan is not accepted by all impaired classes, as long as at least one impaired class of claims has accepted it. These "cram-down" provisions for confirmation of a plan despite the non-acceptance of one or more impaired class of claims or interests are set forth in Section 1129(b) of the Bankruptcy Code.

If a class of impaired claim(s) rejects the Amended Plan, The Trustee reserves the right to seek confirmation of this Amended Plan by a "cram-down" of such non-accepting class pursuant to Section 1129(b) of the Bankruptcy Code. In the event the Court declines to impose a cram-down on a non-accepting class unless certain modifications are made to the terms and conditions of such class's

treatment under this Amended Plan, the Trustee reserves the right, without re-solicitation to the extent permitted by the Code, to propose such modifications and to confirm this Amended Plan by any required modifications, provided such modifications do not result in total extinguishment of the non-accepting class's claim.

### B.  Provisions for the Assumption or Rejection of Executory Contracts and Unexpired Leases

All leases and executory contracts of the Debtor that are not being dealt with by the Trustee are rejected as of the Effective Date. Any lease or executory contract not specifically assumed will be rejected as of the Effective Date.

### C.  Trustee's Causes of Action

The Trustee shall retain all of Debtor's Causes of Action, including any possible Avoidance Causes of Action. However, the Trustee does not believe there are any pre-petition avoidance actions. If any such action does arise, the Trustee anticipates that he will file an adversary prior to the Effective Date of the Amended Plan. The Trustee is not aware of any non-bankruptcy litigation that he will pursue.

### D.  Vesting of Property

On the Effective Date of the Amended Plan, except as otherwise provided herein, or in the Confirmation Order, the Property will be vested in the Trustee, subject to the confirmed Amended Plan, to allow him to proceed with an orderly distribution based on the provisions of the confirmed Amended Plan. The Property shall be free and clear of all liens, charges, and other interests of creditors arising prior to the Petition Date, except as provided by the confirmed Amended Plan of Reorganization.

### E.  Retention of Jurisdiction

The Court will retain jurisdiction over this case for purposes of determining the allowance of claims or interests or objections thereto and for any other purpose which is contemplated in the

1 Amended Plan or which will otherwise assist in the consummation of the Amended Plan. The Court
2 also will retain jurisdiction for purposes of determining the allowance of any payment of any claims or
3 administrative expenses. The Court shall retain jurisdiction for purposes of determining any dispute
4 arising from the interpretation, implementation or consummation of the Amended Plan. In addition,
5 the Court shall retain jurisdiction for the following purposes:

(1) The classification of any claim or interest, the determination of such objections as may be filed to claims, or interests, and the re-examination of the allowance of any claim or interest.

(2) The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Amended Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of this Amended Plan.

(3) To enforce and interpret the terms and conditions of this Amended Plan.

(4) Entry of any order, including injunctions, necessary to enforce the title, rights and powers of Debtor and to impose such limitations and terms of such title, rights and powers as the Court may deem necessary.

(5) Determination of any claims asserted by the Trustee against any other person or entity, including but not limited to such rights the Trustee may have had to recover assets pursuant to the provisions of Title 11, if such claim is pursued in the Court prior to the closing of the case. The Trustee does not contemplate that litigation will be necessary after the Effective Date of the Amended Plan. However, the Trustee reserves the right to object to any claim for a period up to and including sixty (60) days following the Effective Date of the Amended Plan, and to thereafter pursue any litigation that may arise therefrom.

(6) Determination of all questions and disputes concerning the sale, lease, or other transfer of property of Debtor.

(7) Entry of a Final Decree closing this case.

10
Case 4:14-bk-00092-BMW    Doc 451   Filed 12/17/15   Entered 12/17/15 11:48:09   Desc
Main Document    Page 10 of 15

Notwithstanding anything to the contrary contained herein, the Trustee shall not be bound by estoppel, the principal of res judicata or collateral estoppel with respect to any term of provision contained herein in the event the Amended Plan is not confirmed as set forth herein.

## Article VI

## Effect of Confirmation

Confirmation of this Amended Plan shall constitute a discharge of Claims against the Debtor. Under the terms of the Trustee's Amended Plan, no Holder of a Claim against the Debtor may, on account of such Claim, seek or receive on account of such Claim, seek or receive any payment or other distribution from, or seek recourse against, any of the Debtor's respective successors or their respective property, except as expressly provided herein. Except as otherwise provided herein, the Confirmation Order shall provide, among other things, that no Holder of a Claim against the Debtor may, on account of such Claim, seek or receive any payment or other distribution from or, seek recourse against, the Debtor, or its respective successors or their respective property, except as expressly set forth herein.

## Article VII

## Exculpation and Limitation of Liability

The Trustee, his managers, employees, agents, partners, attorneys, advisors and professionals (collectively, the "Exculpated Parties") shall not have or incur any liability to any Person for any act or omission in connection with, relating to or arising out of the Chapter 11 Case, the formulation, negotiation, implementation, confirmation or consummation of this Amended Plan, the Amended Disclosure Statement, or any contract, instrument, release or other agreement or document entered into during th Chapter 11 Case or otherwise created in connection with this Amended Plan, provided, however, that nothing in this section shall be construed to release or exculpate any Exculpated Party from willful misconduct or gross negligence as determined by a Final Order, or from compliance with Amended Plan provisions.

Upon entry of the Confirmation Order, all holders of Claims and Interest and other parties in interest, along with their respective present or former employees, members, agents, officers, directors, or principals, shall be enjoined from taking any action to interfere with the implementation or Consummation of the Trustee's Amended Plan.

## Article VIII

## Acceptance of the Trustee's Amended Plan

### A. Voting

As a condition to confirmation, the Bankruptcy Code requires that each Class of impaired Claims and interests vote to accept the Trustee's Amended Plan, except under certain circumstances. Section 1126(c) of the Bankruptcy Code defines acceptance of a plan by a class of impaired Claims as acceptance by holders of at least two-thirds in dollar amount and more than one-half in number of Claims in that Class, but for that purpose counts only those who actually vote to accept or to reject the Trustee's Amended Plan. Thus, a Class of Claims will have voted to accept the Trustee's Amended Plan only if two-thirds in amount and a majority in number actually vote and cast their Ballots in favor of acceptance. Under Section 1126(d) of the Bankruptcy Code, a Class of Interest has accepted the Trustee's Amended Plan if holders of such Interest holding at least two-thirds in amount actually voting have voted to accept the Trustee's Plan. Holders of Claims or interests who fail to vote are not counted as either accepting or rejecting the Trustee's Amended Plan.

### B. Best Interests Test

Even if the Amended Plan is accepted by each class of holders of claims and interests, the Bankruptcy Code requires a bankruptcy court to determine that the Amended Plan is in the "best interest" of all holders of claims and interests that are impaired by the Amended Plan and that have not accepted the Amended Plan. The "best interest" test, as set forth in Section 1129(a)(7) requires a bankruptcy court to find either that (I) all members of an impaired class of claims or interest have accepted the Amended Plan or (ii) the Amended Plan will provide a member who has not voted to

Case 4:14-bk-00092-BMW    Doc 451    Filed 12/17/15    Entered 12/17/15 11:48:09    Desc
Main Document    Page 12 of 15

accept the Amended Plan with a recovery of property of a value, as of the effective date of the Amended Plan that is not less than the amount that such holder would recover if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The Trustee believes this provision has been met because this is a liquidating plan, and creditors will receive not less than what they would receive in a Chapter 7. Because the Trustee is familiar with the Property and the challenges in liquidating it, the Trustee believes the creditors are better served by a Chapter 11 liquidation.

## Article IX

### Tax Consequences

Implementation of the Amended Plan may have significant tax consequences to the creditors. SAID PERSONS AND ENTITIES SHOULD CONSULT THEIR OWN TAX ADVISORS REGARDING THE TAX CONSEQUENCES OF IMPLEMENTATION OF THE AMENDED PLAN.

## Article X

### Avoidance of Judgment Liens

In the event any creditor has recorded a judgment lien encumbering the Debtor's Property, the lien shall be null and void.

## Article XI

### Management

This is a liquidating plan. There will be no management. The Trustee will maintain the Debtor's assets until the assets are all liquidated and the funds distributed to creditors pursuant to the confirmed Amended Plan.

## Article XII

### Permanent Injunction

The Confirmation Order shall forever enjoin the commencement or continuation of any action, or the employment of process, against the Debtor or its Property, with respect to any debt or claim

discharged under the Amended Plan. The Confirmation Order shall further enjoin any of the creditors from taking any action to prevent the Trustee from effectuating the provisions of the Amended Plan.

## Article XIII

### Allowance of Claims

Notwithstanding any other provision of the Amended Plan, each claim shall be paid only after it has been allowed in accordance with the Code.

## Article XIV

### Withdrawal of Second Amended Plan

At the option of the Trustee, the Amended Plan may be withdrawn at any time prior to the Effective Date of the Amended Plan. Such option shall be exercised by the filing in the case of a notice of withdrawal and mailing a copy of such notice to all creditors, equity security holders and persons specially requesting all notices in this case. If such option is timely and properly exercised, the case shall continue and be administered as if the Amended Plan had been withdrawn prior to the confirmation.

## Article XV

### Recommendation of the Trustee

The Trustee recommends that the Amended Plan be approved. The Trustee is of the opinion that the Amended Plan's approval is in the best interest of all creditors.

RESPECTFULLY SUBMITTED this 17th day of December, 2015.

WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.

By */s/ Steven M. Cox*
Steven M. Cox
Attorney for Trustee

1. **APPROVED**

 **/s/ *Christopher Linscott***
 Christopher Linscott
 Chapter 11 Trustee

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, Suite 800
Tucson, AZ 85711
(520)790-5828